STATE EX REL. CITY OF MILWAUKEE, Appellant, vs. MIL-
WAUKEE ELECTRIC RAILWAY & LIGHT COMPANY, Re-
spondent.

*March 19—May 1, 1914.*

*Street railways: Regulation: Paving of railway zone.*

*State ex rel. Milwaukee v. Milwaukee E. R. & L. Co., ante,* p. 121,
followed in a case in which the railway zone had never been
paved, it being *held* that when the city had paved the remainder
of the street and the railway zone was not in good repair the
street railway company might be compelled to pave its zone
with a pavement of the same kind as that used by the city.
WINSLOW, C. J., BARNES, J., and VINJE, J., dissent.

APPEAL from an order of the circuit court for Milwaukee
county: F. C. ESCHWEILER, Circuit Judge. *Affirmed.*

The appeal is from an order overruling a demurrer to the
respondent's return to an alternative writ of *mandamus.*

For the appellant there was a brief by *Daniel W. Hoan,*
city attorney, and *Clifton Williams,* assistant city attorney,
and oral argument by *Mr. Williams.*

For the respondent there was a brief by *Miller, Mack &*
*Fairchild,* and oral argument by *E. S. Mack.*

TIMLIN, J.    This case is in all respects like the preceding
case of the same title, except that this relates to Folsom street,
which was, when the street railway tracks were laid therein
and up to September, 1913, a street which was from curb to
curb composed of a combination of earth, crushed stone, and
gravel.    About the date last mentioned the city paved with
sandstone pavement upon a concrete foundation the street in
question, except the zone required by the franchise ordinance
of 1900 to be kept in good repair by the railway company.
This zone consists of a strip in the middle of the street be-
tween the rails and for one foot on the outside of each rail
as laid and the space between the two inside rails of the

double tracks of the respondent.    By this action it is sought to compel the respondent to pave this zone with the like pavement as is now upon the remainder of the street, and the basis for such compulsion is the fact of the construction by the city of a sandstone pavement on a concrete foundation as stated, and an averment that the said zone is not in good repair and in a very uneven, rough, and dilapidated condition, and has no paving whatever therein, but the surface thereof consists of dirt and some sand and gravel, which during wet or rainy weather becomes soft and muddy, and during dry weather rough, uneven, and dusty, and at all times dangerous, etc. The respondent avers, among other things, that it has the zone in good repair and is ready and willing to continue to keep the zone in question in good repair with such material as the city may at any time use to pave or repave the zone in question, and that it refuses to pave with sandstone pavement upon a concrete foundation.    Under the view taken in the companion case of the effect of sec. 1862, Stats., following *Madison v. Southern Wis. R. Co.* 156 Wis. 352, 146 N. W. 492, there is no substantial distinction to be found in the fact that in the companion case the street was paved with a cedar block pavement at the time the ordinance was enacted.

The case is governed by the decision in the companion case of the same title, and the order overruling the demurrer should be affirmed for the reasons therein given.

*By the Court.*—Order affirmed, and the cause remanded for further proceedings according to law.

WINSLOW, C. J., BARNES, J., and VINJE, J., dissent. [For opinion, see preceding case.]