State ex rel. Milwaukee v. Milwaukee E. R. & L. Co. 165 Wis. 230.

judgment awarding final division and distribution of his es-
tate.   See the *Lally* and *Norris* cases, *supra,* and cases there-
in cited.   Since, however, the husband during his lifetime,
and those beneficially interested since his death, have vol-
untarily paid the sums pursuant to the judgment, we need not
further consider the matter.   So far as the future is con-
cerned it drops out of the case.   The defendant, *Bertha
Steinkopf,* is entitled to hold the life estate in the homestead
as her separate property in addition to the personal property
awarded her.   The circuit court erred in divesting the de-
fendant, *Bertha Steinkopf,* of all right, title, and interest in
and to the homestead property described in the divorce judg-
ment.

*By the Court.*—The order appealed from is reversed, and
the cause is remanded to the circuit court with direction to
enter an order in accordance with this opinion.

STATE EX REL. CITY OF MILWAUKEE, Respondent, vs. MIL-
    WAUKEE ELECTRIC RAILWAY & LIGHT COMPANY, Ap-
    pellant.

*February 14—March 13, 1917.*

*Street railways: Duty to keep track zone "in proper repair:" Paving
   and repaving: "Reasonable regulations:" Ordinances: Validity:
   Police power: Impairing obligation of contract: Due process of
   law: Equal protection of the laws.*

1. The duty imposed by a city ordinance upon a street railway com-
   pany to keep "in proper repair," without qualification, that part
   of a street which is within the railway zone, is broad enough to
   require paving and repaving with the same material of which
   the remainder of the street is composed.
2. A city ordinance directing a street railway company "to do away
   with the bad condition of its railway zone . . . , by paving the
   same with standard asphalt upon a concrete foundation, all of
   the same kind, character, and specifications as that recently

State ex rel. Milwaukee v. Milwaukee E. R. & L. Co. 165 Wis. 230.

> laid by" the city "outside of the railway zone," is a reasonable rule or regulation within the meaning of sec. 1862, Stats., which provides that street railway companies shall be "subject to such reasonable rules and regulations" as the municipal authorities may from time to time prescribe.

3. The power of a city to require a street railway company to repair its railway zone in a street is a police power, legislative and regulative in character, and cannot be contracted away; hence an ordinance changing or enlarging the duty in that respect imposed upon the company by a prior ordinance does not impair the obligation of a contract.

4. An ordinance of that nature, otherwise reasonable, will not be held invalid on the ground that compliance with it would unreasonably reduce the earning capacity of the company below a reasonable return on the investment, since the company can at any time apply to the railroad commission and have the rates of fare made reasonable.

5. Nor does such an ordinance deprive the company of property without due process of law or deny to it the equal protection of the laws, in violation of sec. 1, art. XIV, Amendm. Const. of U. S.

APPEAL from an order of the circuit court for Milwaukee county: OSCAR M. FRITZ, Circuit Judge. *Affirmed.*

This is an appeal from an order sustaining the demurrer by the respondent to the appellant's amended return to a writ of *mandamus* requiring it to pave Center street from Teutonia avenue to Seventeenth street between the rails and for one foot outside of the rails with asphalt upon a concrete foundation.

The appellant's amended return admitted the corporate capacity of the parties and the business of the appellant; that it operated on Center street under a franchise granted to one of its predecessors and assignors on September 21, 1891, which contained no provision on the subject of paving repairs, as amended by the ordinance of January 2, 1900, which among other things provided that there was given to the *Milwaukee Electric Railway & Light Company,* its successors and assigns, the right to lay, construct, maintain, and operate a single or double track for street railways for carry-

ing passengers, with turnouts, sidetracks, connections, cross-overs, and switches, upon conditions named in said ordinance, and which ordinance, among other things, provided:

"It shall be the duty of said railway company at all times to keep in good repair the roadway between the rails and for one foot on the outside of each rail as laid and the space between the two inside rails of its double tracks with the same material as the city shall have last used to pave or repave these spaces and the street previous to such repairs, unless the said railway company and the board of public works of said city shall agree upon some other material, and said company shall then use the material agreed upon."

The amended return alleges that the appellant succeeded to the rights of its assignor under said ordinance of September 21, 1891, prior to January 2, 1900, and on that date was operating on said portion of Center street pursuant thereto; that on January 2, 1900, the ordinance referred to was adopted; that at all times thereafter appellant continued to operate its tracks on said portion of said street; that for several years prior to the filing of the petition all of said portion of said street from curb to curb was composed of macadam; that about August, 1915, the city paved the portion on either side of the track zone with asphalt pavement on a concrete foundation; that on November 8, 1915, the common council passed the pretended ordinance mentioned in the petition; that at the time the writ was issued it had commenced the construction of its tracks on said Center street; that its east-bound track had been wholly removed and about one half of the same reconstructed; that it informed the city that it did not consider said ordinance of any force or effect; that it intended to complete the operation of reducing its track to grade and to put the track zone in good repair with macadam, according to the January 2, 1900, ordinance; that at the time of filing its amended return it had completed the reconstruction of its tracks to grade and had placed said track zone in

good repair with the same material as last used by the city, that being the extent of its duty under the January 2, 1900, ordinance; that at all times after the track zone had been constructed with macadam, except during reconstruction of its tracks, said zone was kept in good repair and condition with macadam.

In its amended return appellant pleads further facts showing that it and the city had from January 2, 1900, until the year 1912 construed the provisions of the ordinance of January 2, 1900, as applying to the various streets and avenues upon which its tracks were being operated and as requiring it to keep the roadway in the track zone in good repair with the same material which had last been used by the city, except where, pursuant to the ordinance, some other material had been agreed upon.   It is further alleged in the amended return that appellant complied with all the terms of the September 21, 1891, and January 2, 1900, ordinances and that the latter ordinance became a contract between the state, the city, and appellant; that the pretended ordinance of November 8, 1915, or any ordinance or law attempting to impose upon appellant any greater duty, would be a law impairing the obligation of contracts and deprive appellant of its property without due process of law and be a denial of the equal protection of the law.   The amended return further alleges that at the time of the passage of the November 8, 1915, ordinance and prior thereto its earnings from its said railway system in the city were less than an adequate and reasonable return; that the imposition of the additional burden was an unreasonable action on the part of the common council, and that the pretended ordinance was unreasonable and oppressive, and that the common council was without power to pass the same, and that the same is null and void.   The return further denies generally the allegations of the petition except as admitted.

State ex rel. Milwaukee v. Milwaukee E. R. & L. Co. 165 Wis. 230.

For the appellant there was a brief by *Miller, Mack & Fairchild,* and oral argument by *Edwin S. Mack* and *J. G. Hardgrove,* all of Milwaukee.

*Clifton Williams,* city attorney, for the respondent.

KERWIN, J.    The petition of the respondent for a writ of *mandamus* is based mainly upon the ground that the respondent is entitled to have the appellant pave the zone in question with asphalt upon a concrete foundation under the provisions of an ordinance duly passed on the 8th day of November, 1915, by the terms of which the appellant was "ordered and directed to do away with the bad condition of its railway zone on Center street from Teutonia avenue to Seventeenth street, by paving the same with standard asphalt upon a concrete foundation, all of the same kind, character, and specifications as that recently laid by the city of *Milwaukee* outside of the railway zone of the railway company therein."

After refusal of appellant to comply with the said ordinance of November 8, 1915, the alternative writ of *mandamus* was obtained and proceedings had which resulted in the order appealed from.

Counsel for appellant complain of the order below upon the following grounds: (1) That the appellant's rights and duties in respect to paving repairs are fixed by the ordinance of January 2, 1900, under which the duty to keep the track zone in repair is limited to a duty to keep in repair with the material last used by the city in paving the track zone. (2) That the ordinance of November 8, 1915, cannot be sustained as a reasonable rule or regulation under sec. 1862, Stats., because (a) it is not a rule or regulation within the meaning of that section; and (b) if the matters covered thereby might be the subject of a rule or regulation, the ordinance would be unreasonable.    (3) The ordinance constitutes a con-

tract limiting the appellant's duty, and the ordinance of November 8, 1915, is void because of the attempted impairment of contract.    (4) The enforcement of the November 8, 1915, ordinance or the impairment of the January 2, 1900, ordinance would deprive appellant of property without due process of law and deny it the equal protection of the laws, in violation of sec. 1 of art. XIV of the amendments to the constitution of the United States."

In the so-called Walnut street case (*State ex rel. Milwaukee v. Milwaukee E. R. & L. Co.* 151 Wis. 520, 139 N. W. 396) the 1900 ordinance was construed, and it was held that such ordinance applied to all streets, but that former ordinances were still in force so far as applicable in addition to the ordinance of 1900.

It is clear from the rulings of this court that a duty to keep "in proper repair," without qualification, is broad enough to require paving and repaving with "the same material of which the street is composed." · *State ex rel. Milwaukee v. Milwaukee E. R. & L. Co., supra; Madison v. Southern Wis. R. Co.* 156 Wis. 352, 146 N. W. 492; *State ex rel. Milwaukee v. Milwaukee E. R. & L. Co.* 157 Wis. 121, 147 N. W. 232; *State ex rel. Milwaukee v. Milwaukee E. R. & L. Co.* 157 Wis. 139, 147 N. W. 239.

While counsel for appellant review the foregoing cases and attempt to distinguish them from the instant case, we think they rule the case at bar on all points.

It is strenuously insisted that the ordinance of November 8, · 1915, cannot be sustained as a reasonable rule or regulation under sec. 1862, Stats.    This contention is also ruled against appellant by the cases in this court above cited, and especially by *Madison v. Southern Wis. R. Co.* 156 Wis. 352, 146 N. W. 492, and *State ex rel. Milwaukee v. Milwaukee E. R. & L. Co.* 157 Wis. 121, 147 N. W. 232.    It may also be observed that the January 2, 1900, ordinance adopted by the

city of *Milwaukee* contained in section 3 thereof the following reservation:

"All rights reserved or secured to said city by and under . . . the laws of Wisconsin relating to . . .. the use and operation of all cars and tracks and everything connected with the exercise of the rights hereby or hereunder granted . . . are hereby reserved to said city the same as though this ordinance had not been passed, and the same shall extend and apply to all franchises hereby granted except as herein otherwise expressly provided."

In the *Madison Case (Madison v. Southern Wis. R. Co.* 156 Wis. 352, 146 N. W. 492) an ordinance of 1892 contained a reservation, "subject to all general provisions of statute law now in force and applicable thereto and to such reasonable rules and regulations respecting such streets and highways . . . as the said council may from time to time enact."

In 1910 the common council of the city of Madison passed an ordinance requiring pavement with asphalt upon a concrete foundation, and the November 8, 1915, ordinance of the city of *Milwaukee,* under which this suit was brought, required asphalt pavement upon a concrete foundation, the old material in each case before the passage of the latter ordinances being macadam. So the case at bar comes squarely within the rule of the *Madison Case (Madison v. Southern Wis. R. Co.* 156 Wis. 352, 146 N. W. 492) and the *Milwaukee Case (State ex rel. Milwaukee v. Milwaukee E. R. & L. Co.* 157 Wis. 121, 147 N. W. 232).

The *Madison Case* meets the contention that the requirement of repair is legislative and regulative and not matter of contract. Page 379. The question of repair of streets is fundamentally a police-power proposition and cannot be contracted away. See cases above cited.

It is also argued that paving under the ordinance of November 8, 1915, will unreasonably reduce the earning capacity of the company below a reasonable return on the investment. This contention, even if true, does not reach

the question here, since the company can at any time apply to the railroad commission and have the rate made reasonable.

On the federal questions raised by appellant we have nothing to say further than that we feel satisfied no constitutional provision has been violated. *Madison v. Southern Wis. R. Co.* 156 Wis. 352, 146 N. W. 492; *Southern Wis. R. Co. v. Madison,* 240 U. S. 457, 36 Sup. Ct. 400; *Milwaukee E. R. & L. Co. v. Railroad Comm.* 153 Wis. 592, 142 N. W. 491, affirmed in *Milwaukee E. R. & L. Co. v. Railroad Comm.* 238 U. S. 174, 35 Sup. Ct. 820.

It follows that the order appealed from must be affirmed. *By the Court.*—Order affirmed.

WINSLOW, C. J. (*concurring*). I do not think that the *Madison Case* (156 Wis. 352, 146 N. W. 492) has any persuasive bearing on this case, but I concur in the result in this case because I regard the questions here raised as settled adversely to the appellant by the opinion in the case of *State ex rel. Milwaukee v. Milwaukee E. R. & L. Co.* 157 Wis. 121, 147 N. W. 232. Were the questions still open I should vote the other way in accordance with my views as expressed in my dissenting opinion in the last named case.

VINJE, J. I concur in the above opinion of Chief Justice WINSLOW.