# MISSOURI PACIFIC RAILWAY COMPANY *v.* CITY OF OMAHA.

## APPEAL FROM THE CIRCUIT COURT OF APPEALS FOR THE EIGHTH CIRCUIT.

No. 47. Argued November 4, 1914.—Decided November 30, 1914.

A railway company may be required by the State, or by a municipality acting under the authority of the State, to construct overhead crossings or viaducts over its tracks at its own expense; the consequent expense is *damnum absque injuria* or compensated by the public benefit in which the company shares and is not a taking of property without due process of law.

In the exercising of the police power, the means to be employed to promote the public safety are primarily in the judgment of the legislature, and the courts will not interfere with duly enacted legislation which has a substantial relation to the purpose to be accomplished and does not arbitrarily interfere with private rights.

If the state court has held that a municipality has power to pass ordinances requiring railway companies to build viaducts, this court can only declare such an ordinance unconstitutional under the Fourteenth Amendment as an arbitrary abuse of power in a clear and unmistakable case.

A municipal ordinance requiring a railroad company to construct a viaduct over crowded streets and which is otherwise valid is not unconstitutional as depriving the company of its property without due process of law because it requires the company to construct the work at its own expense, or because it requires the viaduct to be erected in a manner involving greater expense than though erected in a different and possibly adequate manner, or because the viaduct is only to carry a part of the traffic of the street.

In determining whether a municipal ordinance is or is not an unconstitutional abuse of power, this court will not disturb the conclusions of two courts upon the facts regarding the object and necessity for the work and the sufficiency of the plans and specifications.

Where an ordinance requiring work to be done is otherwise valid, this court will not, at the instance of a party affected thereby and in advance of compliance therewith, declare it unconstitutional as depriving that party of its property without due process of law because

sufficient time is not allowed to commence work. A court of equity has power to relieve a party from the infliction of unwarranted penalties for non-compliance with such an ordinance if compliance within the period fixed is physically impossible.

The ordinance of Omaha, Nebraska, of March, 1910, requiring the Missouri Pacific Railway Company to construct a viaduct over its railway at Dodge Street is not unconstitutional as an arbitrary exercise of power and deprivation of property of the railway company without due process of law.

197 Fed. Rep. 516, affirmed.

THE facts, which involve the constitutionality under the due process provision of the Fourteenth Amendment of an ordinance of the City of Omaha requiring the construction of a viaduct by a railroad company, are stated in the opinion.

*Mr. J. A. C. Kennedy,* with whom *Mr. B. P. Waggener, Mr. T. L. Philips* and *Mr. Martin L. Clardy* were on the brief, for appellant:

The city had no power to compel the construction of the viaduct for the benefit of the street railway company.

The city had no power to require the building of the viaduct across the proposed boulevard.

The city had no power to compel the building of the viaduct without closing the grade crossing.

The ordinance was void for uncertainty and for impossibility of compliance with its requirements.

It was error to dismiss the bill in full for alleged want of equity.

In support of these contentions see *In re Anderson,* 69 Nebraska, 686, 689; *Bonnett* v. *Vallier,* 136 Wisconsin, 193; *Briden* v. *N. Y., N. H. & H. R. Co.,* 27 R. I. 569, 65 Atl. Rep. 315; *Chicago, B. & Q. R. Co.* v. *Nebraska,* 47 Nebraska, 549; *S. C.,* 170 U. S. 57; *Chicago* v. *Rogers Park Water Co.,* 214 Illinois, 212; *Carolina Cent. R. R. Co.* v. *Wilmington Ry. Co.,* 120 Nor. Car. 520; *Conshohocken R. R. Co.* v. *Pa. R. Co.,* 15 Pa. Co. Ct. 445; *Calder* v. *Bull,* 3

Dall. 386; *Connolly* v. *Union Sewer Pipe Co.*, 184 U. S. 540; *Belleville* v. *St. Clair Co.*, 234 Illinois, 428; *Curran Bill Posting Co.* v. *Denver*, 47 Colorado, 221; *Chicago* v. *Gunning System*, 214 Illinois, 628; *Champer* v. *Greencastle*, 138 Indiana, 339; *Cotting* v. *Kansas City R. R. Co.*, 183 U. S. 79; *Detroit R. R. Co.* v. *Osborn*, 189 U. S. 383; *Dobbins* v. *Los Angeles*, 195 U. S. 223; *Ford* v. *Standard Oil Co.*, 32 N. Y. App. 596; *Halter* v. *State*, 75 Nebraska, 757; *Hawes* v. *Chicago*, 158 Illinois, 653; *Iler* v. *Ross*, 64 Nebraska, 710; *Lincoln St. Ry. Co.* v. *Lincoln*, 61 Nebraska, 109; *Landberg* v. *Chicago*, 237 Illinois, 112; *Le Feber* v. *N. W. Light Co.*, 119 Wisconsin, 608; *Mo. Pac. R. R. Co.* v. *Nebraska*, 164 U. S. 403; *New York & N. E. R. Co.* v. *Bristol*, 151 U. S. 556; *Newark & H. R. Co.* v. *N. J. Traction Co.*, 33 Atl. Rep. 475; *Passaic* v. *Bill Posting Co.*, 72 N. J. Law, 285; *People* v. *Adams*, 88 Hun, 122, aff'd. 147 N. Y. 722; *Penna. R. R. Co.* v. *Greensburg Co.*, 176 Pa. St. 559; *Peterson* v. *State*, 79 Nebraska, 132; *Railway Co.* v. *Crown Point*, 146 Indiana, 421; *Railway Co.* v. *Connersville*, 147 Indiana, 277; *Water Co.* v. *Fergus*, 178 Illinois, 571; *S. C.*, 180 U. S. 624; *Saginaw* v. *Electric Co.*, 113 Michigan, 660; *Schnaier* v. *Hotel Co.*, 182 N. Y. 83; *State* v. *Frost*, 78 Nebraska, 325; *State* v. *Walker*, 48 Washington, 8; *Smiley* v. *McDonald*, 42 Nebraska, 5; *State* v. *Un. Pac. R. Co.*, 143 N. W. Rep. 918; *State* v. *Jersey City*, 47 N. J. L. 286; *Shelbyville* v. *R. R. Co.*, 146 Indiana, 66; *St. Louis* v. *Weber*, 44 Missouri, 547; *Toledo R. R. Co.* v. *Jacksonville*, 67 Illinois, 37; *Un. Pac. R. R. Co.* v. *State*, 88 Nebraska, 247; *West Jersey R. R. Co.* v. *Atlantic City R. R. Co.*, 65 N. J. Eq. 613; *Wenham* v. *State*, 65 Nebraska, 394; *Wice* v. *Railroad Co.*, 193 Illinois, 351; *Yick Wo* v. *Hopkins*, 118 U. S. 356; *Ex parte Young*, 208 U. S. 123.

*Mr. John A. Rine* and *Mr. William C. Lambert*, with whom *Mr. B. S. Baker* and *Mr. L. J. Te Poel* were on the brief, for appellee:

The legislature of Nebraska possesses ample and plenary power to require railroad companies in this State, intersecting public streets and highways with their roads, and at the cost of such companies or any one of them, to bridge or viaduct or otherwise render and keep safe, that part of the public street or road intersected and made dangerous by their roads, as to all ordinary travel on and over such public streets, including that of ordinary travel on street railways rightfully thereon. *Chi., B. & Q. Ry. Co.* v. *State of Illinois,* 200 U. S. 561; *Health Department* v. *Trinity Church,* 145 N. Y. 32; *C., B. & Q. Ry. Co.* v. *Nebraska,* 47 Nebraska, 549; *S. C.,* 170 U. S. 57; *Minneapolis* v. *St. Paul, M. & M. Ry. Co.,* 98 Minnesota, 380; aff'd 214 U. S. 498; *C., B. & Q. Ry. Co.* v. *City of Chicago,* 166 U. S. 226; *N. P. Ry. Co.* v. *Duluth,* 208 U. S. 583; *Cincinnati Ry. Co.* v. *Connersville,* 218 U. S. 336; *Phœnix Life Ins. Co.* v. *Lincoln,* 91 Nebraska, 150; *Omaha* v. *U. P. R. R. Co.,* 143 N. W. Rep. 918; *C., B. & Q. Ry. Co.* v. *Chicago,* 166 U. S. 226; *C., B. & Q. Ry. Co.* v. *Steele, Receiver,* 47 Nebraska, 741; *N. Y., N. H. & H. R. Co.* v. *Bridgeport Traction Co.,* 32 Atl. Rep. 953; *Chicago &c. R. R. Co.* v. *Whiting R. R. Co.,* 139 Indiana, 297; *Du Bois R. R. Co.* v. *Buffalo R. R. Co.,* 149 Pa. St. 1; *C., B. & Q. Ry. Co.* v. *West Chicago R. R. Co.,* 156 Illinois, 255; *Atchison, T. & S. F. Ry. Co.* v. *General Electric R. Co.,* 112 Fed. Rep. 689; *Southern Ry. Co.* v. *Atlanta Transit Co.,* 111 Georgia, 679; *General Elec. Co.* v. *Chicago Ry. Co.,* 98 Fed. Rep. 907; *S. C.,* 107 Fed. Rep. 771; *Elizabethtown R. R. Co.* v. *Ashland Ry. Co.,* 96 Kentucky, 347; *Tex. & Pac. Ry. Co.* v. *Rosedale St. Ry. Co.,* 64 Texas, 80; *Mo. Pac. Ry. Co.* v. *Omaha,* 197 Fed. Rep. 516; *Southeast & St. L. R. R. Co.* v. *Evansville R. R. Co.,* 169 Indiana, 339.

The Nebraska legislature had delegated to the governing authorities of the City of Omaha ample power and authority to require appellant to construct at its own cost the viaduct in question, of sufficient strength, width, capacity

and grades to carry and safeguard all travel and traffic on Dodge Street at the intersecting point, including that carried by The Omaha & Council Bluffs Street Railway Company. *State* v. *Redmon,* 134 Wisconsin, 89; *Detroit &c. Ry. Co.* v. *Osborn,* 189 U. S. 383; *C., B. & Q. Ry. Co.* v. *Nebraska,* 170 U. S. 57; *Chicago* v. *Chicago Elev. Ry. Co.,* 95 N. E. Rep. 456; *Louis. & Nash. R. R. Co.* v. *Hopkins County,* 156 S. W. Rep. 379; *Omaha* v. *Un. Pac. R. R. Co.,* 143 N. W. Rep. 918; *Water Co.* v. *Fergus,* 178 Illinois, 751; *S. C.,* 180 U. S. 624; *Chicago* v. *Rogers Park Water Co.,* 214 Illinois, 212; *Mo. Pac. Ry. Co.* v. *Omaha,* 179 Fed. Rep. 516; *C., B. & Q. Ry. Co.* v. *Illinois,* 200 U. S. 561; *Phœnix Life Ins. Co.* v. *Lincoln,* 91 Nebraska, 150; *Olney* v. *Omaha &c. Railway Co.,* 78 Nebraska, 767; *Briden* v. *Railway Co.,* 27 R. I. 569; *People* v. *Adams,* 88 Hun, 122; *Carolina Central R. R. Co.* v. *Wilmington St. Ry. Co.,* 120 Nor. Car. 520.

The circumstances and situations surrounding and attending the construction of a viaduct at the point mentioned were and are such as to require such length of viaduct as was ordered by the alternate plans.

Even if the requirements of the city as to the added length to the end of said viaduct were to protect a proposed boulevard, constructed sewer lines and sewer pipes crossing Dodge Street under such boulevard or its abutments, we think the city had the authority rightfully to require it. *C., B. & Q. Ry. Co.* v. *Illinois,* 200 U. S. 561; *New Orleans Gas Co.* v. *Drainage Commissioners,* 197 U. S. 453; *Phœnix Life Ins. Co.* v. *Lincoln,* 91 Nebraska, 150; *Burritt* v. *New Haven,* 42 Connecticut, 174; *Omaha* v. *Un. Pac. R. R. Co.,* 143 N. W. Rep. 918; *Krittenbrink* v. *Withnell,* 91 Nebraska, 101; *State* v. *Redmon,* 134 Wisconsin, 89; *Chi., M. & St. P. Ry. Co.* v. *Minneapolis,* 115 Minnesota, 460; *C. I. & W. Ry. Co.* v. *Connersville,* 218 U. S. 336; *Twin City Separator Co.* v. *Chicago, M. & St. P. Ry. Co.,* 118 Minnesota, 491; *State* v. *United States Express Co.,* 145 N. W. Rep. 451.

The city is not required to close a street to public travel over which a viaduct is ordered to be built by the railroad. *Omaha* v. *Un. Pac. R. R. Co.*, 143 N. W. Rep. 918; *People* v. *Un. Pac. Ry. Co.*, 20 Colorado, 186.

The ordinance, the proceedings of the city council and the plans and specifications were sufficiently definite and certain as to enable easy compliance therewith. The requirements of the statute in these respects were substantially complied with.

MR. JUSTICE DAY delivered the opinion of the court.

This suit was originally instituted in the Circuit Court of the United States for the District of Nebraska. Its object was to enjoin the City of Omaha from requiring the Missouri Pacific Railway Company, by virtue of a certain ordinance of the City, to construct a viaduct over and across its line of railway and along Dodge Street, in said City. The Circuit Court dismissed the bill and the decree was affirmed in the Circuit Court of Appeals, 197 Fed. Rep. 516. The ordinance, passed March 29, 1910, ordered the appellant to erect, construct and complete the viaduct and approaches on Dodge Street, of the width, height, strength, and of the material and manner of construction required by the City Engineer of the City of Omaha, and according to the plans and specifications prepared by him. The ordinance required that the company commence the erection and construction of the viaduct by May 1, 1910, and complete the same on or before January 1, 1911.

Dodge Street is a well-known thoroughfare of the city for the passage of foot passengers and vehicles of all sorts, and it is also used by the tracks of a street railway company. There is testimony in the record tending to show that the viaduct as ordered to be constructed, is of a width and strength sufficient to sustain the street railway system theretofore laid upon Dodge Street, and crossing thereon the tracks of the railway company. It is con-

tended, and there is testimony tending to show that a viaduct sufficient to carry the ordinary traffic of the street, other than that of the street railroad, could be constructed at a cost of about $30,000, whereas the viaduct ordered to be built would cost approximately $80,000, the increase being largely due to the requirements of the street railway traffic. This requirement on the part of the City is alleged to be a confiscation of the property of the railway company to the extent of this increased cost, and a taking of its property without compensation for the benefit of another, and therefore without due process of law, contrary to the Fourteenth Amendment of the Constitution of the United States.

That a railway company may be required by the State, or by a duly authorized municipality acting under its authority, to construct overhead crossings or viaducts at its own expense, and that the consequent cost to the company as a matter of law is *damnum absque injuria*, or deemed to be compensated by the public benefit which the company is supposed to share, is well settled by prior adjudications of this court. *Chicago &c. Railroad* v. *Nebraska*, 170 U. S. 57; *Chicago &c. Railway* v. *Drainage Commissioners*, 200 U. S. 561; *Northern Pacific Railway* v. *Duluth*, 208 U. S. 583; *Cincinnati, Indianapolis & Western Railway* v. *Connersville*, 218 U. S. 336; *Chicago, Mil. & St. Paul Railway* v. *Minneapolis*, 232 U. S. 430, 438.

This is done in the exercise of the police power, and the means to be employed to promote the public safety are primarily in the judgment of the legislative branch of the government, to whose authority such matters are committed, and so long as the means have a substantial relation to the purpose to be accomplished, and there is no arbitrary interference with private rights, the courts cannot interfere with the exercise of the power by enjoining regulations made in the interest of public safety which the legislature has duly enacted. *Chicago, Burlington & Quincy Railway*

v. *Drainage Commissioners, supra; McLean* v. *Arkansas,*
211 U. S. 539; *Atlantic Coast Line* v. *Goldsboro,* 232 U. S.
548. That the City of Omaha had power to pass an or-
dinance of this character in execution of the authority
conferred upon it by the legislature of the State, has been
determined by the highest court of the State of Nebraska,
considering Chapter 12-a, § 128, Compiled Statutes of
Nebraska, 1911.[1] *State* v. *Union Pacific Railroad Com-
pany,* 143 N. W. Rep. 918. In that case the state Supreme
Court declares (p. 919) the "power to require railway
companies to construct above their tracks at street cross-

---

[1] To require any railway company or companies owning or operat-
ing any railway track or tracks upon or across any public street or
streets of the city, to erect, construct, reconstruct, complete and keep
in repair any viaduct or viaducts upon or along such street or streets
and over or under such track or tracks, including the approaches of
such viaduct or viaducts as may be deemed and declared by the
mayor and council necessary for the safety and protection of the pub-
lic. . . . The width, height and strength of any such viaducts
and approaches thereto, the material therefor, and the manner of
construction thereof, shall be as required by the city engineer, and ap-
proved by the mayor and council. When two or more railroad com-
panies own or operate separate lines of track to be crossed by any such
viaduct, the proportion thereof, and the approaches thereto, to be
constructed by each, or the cost to be borne by each, shall be deter-
mined by the mayor and council. It shall be the duty of any railroad
company or companies upon being required as herein provided to
erect, construct, reconstruct or repair any viaduct, to proceed within
the time, and in the manner required by the mayor and council to
erect, construct, reconstruct or repair the same, and it shall be a mis-
demeanor for any railroad company or companies to fail, neglect or
refuse to perform such duty, and upon conviction of any such com-
pany or companies shall be fined one hundred dollars, and each day
such company or companies shall fail, neglect or refuse to perform such
duty shall be deemed and held to be a separate and distinct offense,
and in addition to the penalty herein provided any such company
or companies shall be compelled by mandamus or other appropriate
proceedings to erect, construct, reconstruct or repair any viaduct as
may be required by ordinance as herein provided.

ings such viaducts 'as may be deemed and declared by the mayor and council necessary for the safety and protection of the public' is in direct terms conferred by the legislature upon the City of Omaha." As this is a question of state law (*Atlantic Coast Line* v. *Goldsboro*, 232 U. S. 548), we need not dwell upon it further. Indeed, such authority seems to be admitted in the brief of appellant, and the argument is addressed to an alleged abuse of the power conferred. To maintain this position, it is first insisted that the construction of the viaduct in such manner as to carry the tracks of the street railway company will entail additional expense of about $50,000, over the cost of a viaduct providing only for the transportation of other kinds of traffic. It may be that it would be more fair and equitable to require the street railway company to share in the expense of the viaduct, and if the municipality had been authorized so to do by competent authority, it would have been a constitutional exercise of the police power to have made such division of expenses. *Detroit &c. Railway* v. *Osborn*, 189 U. S. 383, 389. But there is nothing in the statute requiring the municipality to divide the expense of such improvement among those responsible for the dangerous condition of the street crossing. Where a number of railroads have contributed to the condition which necessitates such improvement in the interest of public safety, it is not an unconstitutional exercise of authority, as this court has held, to require one of the companies interested to perform such work at its own expense. *Chicago &c. Railroad Company* v. *Nebraska*, 170 U. S. 57, 76. The broad authority to require any railroad company to make such improvement, in the interest of public safety, is conferred by the legislature upon the city. The safety of the travelling public is the primary consideration, and this is accomplished by the construction of the viaduct which is used by many people who travel across the viaduct every day. The public when being

transported by the street railway company was exposed
to the dangers of a grade crossing, which it was within
the authority of the State to authorize the municipality
to discontinue. Under competent legislation the city has
undertaken to do this. In placing the expense entirely
upon the railroad company, whose locomotives and trains
are principally responsible for the resulting danger to the
public, we do not find such abuse of the recognized au-
thority of the State as has justified the courts in some
cases in enjoining the enforcement of state and municipal
legislation. Examples of such arbitrary and oppressive
action with which the courts may interfere are found in
such cases as *Yick Wo* v. *Hopkins,* 118 U. S. 356, and
*Dobbins* v. *Los Angeles,* 195 U. S. 223.

The Constitution of the United States requiring that
no State shall deprive any person of life, liberty or prop-
erty without due process of law, has not undertaken to
equalize all the inequalities which may result from the
exercise of recognized state authority. In the exercise
of the police power, it may happen, as it often does, that
inequality results which the law is powerless to redress.
It is only in those clear and unmistakable cases of abuse
of legislative authority that the court is authorized, under
sanction of the Federal Constitution, to enjoin the exer-
cise of legislative power. As we have said, we do not
think this case presents that character of abuse because
the street railway company is not required to share in
the expense of the erection of this viaduct.

It is next urged that there is an abuse of authority
shown which should justify an injunction against the
enforcement of this ordinance, because a viaduct about
600 feet long would be sufficient to carry the traffic of
Dodge Street over the railroad crossing, including the
traffic of the street railway company, yet by this ordinance
it is sought to compel the railroad company to construct
a viaduct 810 feet long, the extension being made neces-

sary it is said for the purpose of carrying the Dodge Street traffic, including that of the street railway company, over a proposed boulevard, which the city might thereafter decide to lay out and establish across Dodge Street, which boulevard is alleged to be about 350 feet east of, and parallel to the line of the railroad. But there is testimony in the record tending to show that this extension of the original plan of the viaduct was for the purpose of making better grades in crossing thereon, and both courts below have rejected the contention of the railroad company that it was intended thereby to make a crossing for a proposed boulevard thereafter to be laid out. We are not prepared to disturb this conclusion of two courts upon the facts.

It is next insisted that the ordinance in question is unconstitutional and void, because the railroad company is required to construct a viaduct along the south side of Dodge Street only, leaving some portion of the street,— that upon the north side,—still open to public traffic; in other words, the argument is that the viaduct would be made to carry a part of the traffic, still leaving some portion of the street open. We are unable to find force in this contention. The necessity of the viaduct, and the manner of its construction, were primarily vested in the discretion of the city authorities, and that they have found cause to leave some part of the street still open to traffic does not afford any reason why the principal part of the traffic, including that of the street railway company, might not in the interest of the public safety be required to be carried by the overhead structure. The local authorities are presumed to have knowledge of local conditions, and to have been induced by competent reasons to take the action which they did. That the City had authority to require a viaduct to be constructed over tracks without entirely closing the street was held by the Supreme Court of Nebraska. *State* v. *Union Pacific Railroad Company,* 143 N. W. Rep. *supra.*

It is further contended that the ordinance is void for
uncertainty, and that the plans are confused and uncer-
tain, and not sufficient to indicate the width, height, and
manner of construction of the proposed viaduct, and that
the plans and specifications existing are not capable of
being followed in such manner as to comply with the ordi-
nance. This contention was also rejected by the courts be-
low upon the facts shown, and we are not prepared to dis-
turb the conclusion that the plans and specifications were
sufficient to enable the railroad company to know what it
had to do, and to make the structure required of it.

The last objection is that the railroad company was
required to begin construction within twenty-six days
after the passing of the ordinance, a time so short as to
render it physically impossible to comply with the or-
dinance, and that upon lack of such compliance, the or-
dinance imposes penalties upon the railroad company,
the collection of which penalties it is also sought to enjoin.
It is to be noted that the enforcement of this ordinance
has been entirely prevented by the injunction issued in
this case, and kept in force since, and we have no doubt
that should an attempt be made hereafter to require
compliance with the terms of the ordinance as to the be-
ginning of construction, they would be given a reasonable
interpretation so as to permit of preparation before the
beginning of the work, and if any oppression should re-
sult in this respect, there is no doubt as to the power of
a court of equity to relieve the railroad company from
the infliction of unwarranted penalties if it should turn
out to be physically impossible, as the company insists,
to comply with the ordinance in this respect.

We find no error in the decree of the Circuit Court of
Appeals affirming the decree of the Circuit Court, and it
is accordingly

*Affirmed.*