# SOUTHERN WISCONSIN RAILWAY COMPANY *v.* CITY OF MADISON.

ERROR TO THE SUPREME COURT OF THE STATE OF WISCONSIN.

No. 260. Argued March 6, 7, 1916.—Decided March 20, 1916.

Although the charter of a railway company was held in this case to be a contract, a later ordinance requiring it to pave with asphalt the space between its tracks and one foot on each side was held not to be an impairment of its obligation or a violation of the due process or equal protection provisions of the Fourteenth Amendment.

The state court having found that the pavement between the tracks of a street railway needed repair, and that the pavement originally used was not suitable and was additionally unsuitable when the rest of the street was paved with asphalt, this court will not declare the State wrong in holding that a provision requiring the railway company to keep the space between the tracks and one foot on each side in proper repair so as not to interfere with travel over the same was broad enough to cover requiring it to be paved with asphalt when the rest of the street was so paved.

156 Wisconsin, 352, affirmed.

THE facts, which involve the constitutionality of a street paving ordinance of the City of Madison, Wisconsin, under the contract clause of, and the due process provisions of the Fourteenth Amendment to, the Federal Constitution, are stated in the opinion.

*Mr. Burr Jones,* with whom *Mr. E. J. B. Schubring* was on the brief, for plaintiff in error:

A municipal by-law or ordinance, enacted by virtue of power for that purpose delegated by the legislature of the State, is a state law within the meaning of the Federal Constitution. *Atlantic Coast Line* v. *Goldsboro,* 232 U. S. 549, 555; *St. Paul Gas Co.* v. *St. Paul,* 181 U. S. 142, 148; *City Ry.* v. *Citizens Ry.,* 166 U. S. 557, 563; *New Orleans Water Works* v. *Louisiana,* 185 U. S. 336, 350; *Davis Mfg. Co.* v. *Los Angeles,* 189 U. S. 207, 216; *Hamilton Gas Co.* v. *City,* 146 U. S. 258, 266; *Ross* v. *Oregon,* 227 U. S. 150, 162; *Cleveland* v. *Cleveland City Ry.,* 194 U. S. 517, 536; *Nor. Pac. Ry.* v. *Duluth,* 208 U. S. 583, 590; *Mercantile Trust Co.* v. *Columbus,* 203 U. S. 311, 320; *Vicksburg Water Works* v. *Vicksburg,* 185 U. S. 65, 81; *Southwest Light Co.* v. *Joplin,* 101 Fed. Rep. 23.

The passage of the ordinance of June 11, 1910, was such state legislation as impaired the obligation of the contract and raised a Federal question when properly presented in the record. Cases *supra* and see also *Houston & Tex. R. R.* v. *Texas,* 177 U. S. 66, 74, 77; *McCullough* v. *Virginia,* 172 U. S. 104, 117; *University* v. *People,* 99 U. S. 309, 313; *Water Co.* v. *Walla Walla,* 172 U. S. 1; *Mobile & Ohio R. R.* v. *Tennessee,* 153 U. S. 486, 495.

The state court by its decision gives effect to the ordinance. Cases *supra* and see *Bridge Proprietors* v. *Hoboken,* 1 Wall. 116, 140; *Houston & Texas Central Ry. Co.* v. *Texas,* 177 U. S. 66, 74–77; *McCullough* v. *Virginia,* 172 U. S. 102, 116; *University* v. *People,* 99 U. S. 309, 320.

*Mr. William Ryan* for defendant in error.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a suit brought by the City of Madison to recover the cost of asphalt pavement between the rails of the defendant's track and one foot on the outside of them, for a certain distance along University Avenue in that City. The declaration, after stating the ordinances under which the defendant and its predecessors had built and operated the street railway concerned, sets out an ordinance of June 11, 1910, requiring the defendant, under a penalty, to do the work above described. The defendant answered that to make it pay the cost would deprive it of its property and contract rights under its franchise without due process of law and the equal protection of the laws, contrary to the Constitution of the United States. The judge before whom the case was tried found that the designated space had become so out of repair as to interfere with travel and that the crushed stone then used was not a proper pavement, and would interfere with the asphalt laid down by the City, and gave judgment for the plaintiff. The Supreme Court accepted the defendant's position, that its charter was a contract, but met the argument based upon it by a construction that warranted the later ordinance, and judgment for the plaintiff was affirmed. 156 Wisconsin, 352.

As our opinion is that the judgment should be affirmed, we shall not dwell upon a motion to dismiss made by the defendant in error. The court expressly upheld the later ordinance, and whether that ordinance can be upheld without impairing the obligation of the admitted contract of the charter is a Federal question none the less that the answer depends upon the construction of the instrument. Even if the opinion below be read as asserting that the duty existed by the charter alone irrespective of the later ordinance, still as the ordinance was set up and relied upon in the declaration and was present im-

pelling, so far as might be, the decision reached and was given effect by that decision, we should not dismiss the case. *Terre Haute &c. R. R.* v. *Indiana,* 194 U. S. 579. We lay on one side a suggestion that runs counter to the opinion below and to common sense, that the later ordinance, when it requires the defendant to do the work under a penalty of not exceeding fifty dollars a day, is not a legislative command but merely a notice to perform a duty already in force.

Up to 1892 the defendant's franchise was held under a charter that, after providing for the disposition to be made of snow on the track, continued: "And said company shall keep the space between the rails and for the distance of one foot on the outside side of the rails in proper repair so as not to interfere with travel over the same, and shall keep the same in proper order as to cleanliness at its own cost and expense." The charter then went on to provide that whenever a street in which were tracks should be paved or macadamized, the railway company should pave or macadamize the above-mentioned space and keep it in equally good and corresponding condition. In 1892, a new ordinance was passed authorizing the company to build and operate a road in the City and to use electricity as a motive power upon its tracks then or thereafter authorized and constructed. It had the above-quoted provision as to keeping the space in repair, and the grant was made 'subject to such reasonable rules and regulations respecting such streets and highways and operation of cars as the said council may from time to time enact,' but the ordinance did not repeat the provision as to paving. The Supreme Court held that the requirement to keep the space in repair was enough, and, by a diminished majority, that the ordinance of 1910 fell within the reasonable rules and regulations that the company was bound to obey.

If there had been no ordinance of 1910, but the suit

had been brought simply upon the alleged duty under the charter of 1892, and the City had recovered as it might have upon the present interpretation of that instrument, there would have been no question for this court. *Fisher v. New Orleans,* 218 U. S. 438, 440. While this consideration has not required us to dismiss the writ of error it suggests reasons of more than usual force for following that interpretation. Although we all agree that in this class of cases it is our duty to see that parties are not deprived of their constitutional rights under the guise of construction, still the mere fact that without the state decision we might have hesitated is not enough to lead us to overrule that decision upon a fairly doubtful point. *Tampa Water-Works Co.* v. *Tampa,* 199 U. S. 241, 243, 244. We appreciate the argument to be drawn from the omission of the paving clause in the charter of 1892, and the possible reason for its omission in the fact that the experiment of substituting electricity for horse power then was relatively new. But it is also possible that the clause was deemed superfluous, if, indeed, the omission should be considered at all. *Charles River Bridge* v. *Warren Bridge,* 11 Pet. 420, 543, 544. It is to be remembered that this requirement is a widespread one with regard to street railways. *Reading* v. *United Traction Co.,* 202 Pa. St. 571, 573; 215 Pa. St. 250, 255. There are persuasive decisions that the obligation to keep the space 'in proper repair so as not to interfere with travel over the same' extends to what was demanded of the defendant in this case. *Mayor of New York* v. *Harlem Bridge, Morrisania & Fordham Ry. Co.,* 186 N. Y. 304. *State ex rel. Milwaukee* v. *Milwaukee Electric Ry. & Light Co.,* 151 Wisconsin, 520. The reasons for construing such ordinances strictly in favor of the public are reiterated in the present case. *Knoxville Water Co.* v. *Knoxville,* 200 U. S. 22, 33, 34. *Blair* v. *Chicago,* 201 U. S. 400, 472, 473. Both of the grounds taken by the court below get some support from

decisions of this court. *Fair Haven & Westville R. R. Co.* v. *New Haven*, 203 U. S. 379, 389. *Detroit* v. *Detroit Citizens' Street Ry. Co.*, 184 U. S. 368, 397. In view of the finding that the pavement needed repair and that crushed stone would not have been suitable for the purpose and would have been additionally unsuitable when the rest of the street was paved with asphalt we do not feel prepared to declare the judgment wrong.

*Judgment affirmed.*