PACIFIC GAS & ELECTRIC COMPANY *v.* POLICE COURT OF THE CITY OF SACRAMENTO, STATE OF CALIFORNIA, ET AL.

ERROR TO THE DISTRICT COURT OF APPEAL, THIRD APPEL-LATE DISTRICT, OF THE STATE OF CALIFORNIA.

No. 31. Submitted October 9, 1919.—Decided December 8, 1919.

When an intermediate state court assumes jurisdiction and renders a judgment which the state Supreme Court declines to review for want of power, the writ of error to review federal questions involved runs to the judgment of the intermediate court, and the jurisdiction of that court is not subject to question here. P. 24.

In the absence of any particular contract provision touching the subject, the question whether an ordinance requiring a street railroad company to sprinkle the street within and near its tracks imposes an undue burden, in view of its general right to operate the railroad under its franchise, is a question of police power and does not involve the contract clause. P. 25.

A city ordinance requiring a street railway company, without cost to the city, to sprinkle the street occupied by its railroad, between the rails and for a sufficient distance beyond to lay the dust and prevent it from rising when cars are in operation, is within the police power. *Id.*

Such an ordinance does not violate the equal protection clause in dis-

criminating between street railroad cars and other vehicles on the same streets. P. 26.

28 Cal. App. 412, affirmed.

THE case is stated in the opinion.

*Mr. Wm. B. Bosley* for plaintiff in error.

*Mr. Archibald Yell, Mr. Hugh B. Bradford* and *Mr. Edward M. Cleary* for defendants in error.

MR. CHIEF JUSTICE WHITE delivered the opinion of the court.

By ordinance the City of Sacramento provides: "every person, firm, or corporation owning, controlling or operating any street railroad, suburban railroad, or interurban railroad upon and along any of the streets of the City of Sacramento shall, without cost to the city during the months of June, July, August, September and October of each year, and at such other times as may be necessary to keep the dust laid, sprinkle with water the surface of the street, occupied by such railroad, between the rails and tracks and for a sufficient distance beyond the outermost rails thereof, so as to effectually lay the dust and prevent the same from arising when the cars are in operation."

The Gas Company, plaintiff in error, operated lines of street railway in Sacramento under franchise granted by the city. It refused to obey the ordinance and was prosecuted in the city police court and there asserted that the ordinance was in conflict with the due process and equal protection of the laws clauses of the Fourteenth Amendment to the Constitution of the United States.

From a sentence imposing upon it a money penalty, it appealed to the Superior Court for the County of Sacramento, and from the judgment of that court confirming

the conviction it prosecuted an appeal to the Supreme Court of the State, which court refused to review the case on the ground that it was without jurisdiction. Thereupon the Company, alleging the illegality of the conviction upon various grounds, among others that the ordinance was repugnant to the Fourteenth Amendment, petitioned the District Court of Appeal for the Third Appellate District for a writ of certiorari requiring the Superior Court to send up the record for review. The petition was demurred to as stating no cause of action and on the further ground that it disclosed no jurisdiction in the court to review. Although it expressed doubt on the subject, the court took jurisdiction, reviewed the conviction, held that the city had power under the state constitution and laws to pass the ordinance and that it was not repugnant to the Constitution of the United States. The certiorari was refused. A review of this judgment was then asked at the hands of the Supreme Court of the State, but that court again refused to interfere on the ground of its want of jurisdiction. The writ of error which is before us was then prosecuted by the Gas Company to the judgment of the District Court of Appeal refusing to grant the writ of certiorari.

At the threshold a motion to dismiss requires to be considered. It is based upon the ground that the court below had, under the state constitution and laws, no power to review by certiorari the action of the Superior Court and therefore that court was the court of last resort competent to decide the cause. But this disregards the fact that the District Court of Appeal assumed jurisdiction of the cause and that the Supreme Court of the State declined to review its judgment for want of jurisdiction. As whether, under the circumstances, the District Court of Appeal rightfully assumed jurisdiction by certiorari is a question of purely state law which we may not review, the judgment of that court is the judgment of the state

court of last resort having power to consider the case and the motion to dismiss is denied.

Besides the due process and equal protection clauses of the Fourteenth Amendment, the contract clause of the Constitution of the United States is relied upon in the assignments. In argument, however, that contention is based, not upon the impairment by the ordinance of any particular contract right, but upon the unwarranted burden which it is asserted would result from enforcing the ordinance as against the railroad company because of the general authority which it possessed under its franchises to operate its railroad in the streets. But this at once establishes that the consideration of the contract clause is negligible and hence that it is only necessary to pass upon the contentions under the due process and equal protection clauses. This results, since, if the police power of the city, to provide by the ordinance for the protection of the health and safety of the people, was unrestrained by any contract provision, the police power necessarily dominated the right of the company under its franchises to use the streets and subjected that right to the authority to adopt the ordinances in question.

Further, as the right of the city to adopt such ordinance, so far as the state constitution and laws are concerned, is concluded by the decision below and as it is elementary that the due process clause of the Fourteenth Amendment does not restrain the States in the exercise of their legitimate police power, it follows that the case narrows down to a consideration of whether the ordinance in question was generically embraced by the police power of the State and, if it was, whether the power was so abused as to cause its exertion to exceed the limits of the police power, thus bringing the ordinance under the prohibitions of the due process and equal protection clauses of the Fourteenth Amendment.

That the regulation made by the ordinance was in-

herently within the police power is we think too clear for anything but statement. We cite in the margin, however, decided cases dealing with the subject, in some of which the power here in question when exerted for the same purpose and to the same extent was upheld, and in others of which, although the manifestations of the exercise of the power were somewhat different, its existence was accepted as indisputable; and text writers who state the same view.[1]

That the power possessed was on the face of the ordinance not unreasonably exerted and therefore that its exercise was not controlled by the due process clause of the Fourteenth Amendment is, we are also of opinion, equally clear. And this is true likewise of the contention as to the equal protection clause of the Amendment, since that proposition rests upon the obviously unwarranted assumption that no basis for classification resulted from the difference between the operation of the street railway cars moving on tracks in the streets of the city and the movement of a different character of vehicles in such streets.

*Affirmed.*

[1] *Milwaukee* v. *Milwaukee E. R. & L. Co.*, 144 Wis. 386; *City & Suburban Ry. Co.* v. *Mayor of Savannah*, 77 Ga. 731; *State* v. *Canal & C. R. R. Co.*, 50 La. An. 1189; *St. Paul* v. *St. Paul City Ry. Co.*, 114 Minn. 250; *Newcomb* v. *Norfolk Western Street Ry. Co.*, 179 Mass. 449; Elliott on Railroads, § 1082; Dillon on Municipal Corporations, 5th ed., § 1276; Nellis, Street Railways, § 157; McQuillin on Municipal Corporations, p. 3774; Elliott on Roads and Streets, § 958.