# DURHAM PUBLIC SERVICE COMPANY *v.* CITY OF DURHAM.

### ERROR TO THE SUPREME COURT OF THE STATE OF NORTH CAROLINA.

No. 251. Argued January 19, 1923.—Decided February 19, 1923.

1. A contract between a city and a street railway company should not be allowed to exempt the latter from future liability for paving the portions of streets occupied by its tracks unless such exemption be plainly expressed. P. 151.

---

2. An assessment against a street railway company for paving between and near its tracks and rails, greater than the amount assessed, for the rest of the pavement, on abutting lots valued much higher than the railway property on the street, *held* not arbitrary and unreasonable. P. 152.

3. Imposition of special obligations on railway companies in respect of street paving is consistent with reasonable legislative classification. P. 154.

182 N. Car. 333, affirmed.

ERROR to a judgment of the Supreme Court of North Carolina sustaining an assessment for street paving levied against the plaintiff in error street railway company. Certiorari also was applied for and denied.

*Mr. James S. Manning,* with whom *Mr. W. L. Foushee* and *Mr. John H. Manning* were on the brief, for plaintiff in error.

*Mr. S. C. Chambers,* with whom *Mr. Jones Fuller* and *Mr. R. P. Reade* were on the brief, for defendant in error.

MR. JUSTICE McREYNOLDS delivered the opinion of the Court.

As the cause is properly here upon writ of error— *Atlantic Coast Line R. R. Co.* v. *Goldsboro,* 232 U. S. 548, 555; Act September 6, 1916, 39 Stat. 726—we deny the petition for certiorari.

Plaintiff in error was incorporated by the Legislature of North Carolina in 1901 and empowered to operate car lines in the streets of Durham when so authorized by the municipal authorities. Shortly thereafter and in pursuance of an agreement they granted the necessary authority. The Supreme Court of North Carolina—182 N. Car.

of, or an authority exercised under any State, on the ground of their being repugnant to the Constitution, treaties, or laws of the United States, and the decision is in favor of their validity, may be reexamined and reversed or affirmed in the Supreme Court upon a writ of error. . . ."

333—affirmed a judgment of the Superior Court which sustained an assessment of $102,942.30 made in 1920 against the corporation for the cost of paving that portion of Main Street occupied by its tracks. It refused to make the improvement as required by an ordinance; thereupon the City caused the work to be done and assessed the cost against it. The formality of the proceeding is not questioned.

Recovery is resisted upon two grounds—(1) That the original contract under which the railway lines were constructed and operated exempts the corporation from liability to pave the roadbed. Constitution, § 10, Art. I. (2) That the assessment is excessive, unreasonable and wholly arbitrary and to enforce it would deprive plaintiff in error of property without due process of law and deny it the equal protection of the laws contrary to the Fourteenth Amendment.

The original contract with the City is dated February 4, 1901, and the claim of exemption rests upon the following clause therein—

" The said Durham Traction Company [now the Durham Public Service Company] whenever it shall be required so to do, shall cause its roadbed and track to be brought to surface grade at its own expense and costs, but nothing herein contained shall be construed to require said Durham Traction Company to pave its roadbed, but it shall be required to restore its roadbed to the conditions in which it was at the time of laying said track, provided, however, that if the city decides to put in or change its sewerage pipes on any of the streets of the said city on which the tracks of said Durham Traction Company may be laid, the said city may require the said Traction Company to remove and replace at its own expense, the said tracks, for said purpose and said city shall incur no liability for any delays or interruptions of the business or traffic of said Traction Company, caused thereby."

The court below held that while this contract imposes

no liability for paving, neither does it grant exemption therefrom. And we agree with their conclusion. Such exemptions must plainly appear. The general rule is that doubts as to provisions in respect of them must be resolved in favor of the municipality or State. *Cleveland Electric Ry. Co.* v. *Cleveland,* 204 U. S. 116, 130.

Purporting to proceed under "An Act Relating to Local Improvements in Municipalities," ratified by the General Assembly of North Carolina, February 27, 1915,—c. 56— the governing body of Durham by resolution provided for improving Main Street and directed plaintiff in error to pave between and for eighteen inches outside its tracks. The company refused to comply and the challenged assessment followed. Among other things the Act of 1915 provides—

" Sec. 4. Every municipality shall have power, by resolution of its governing body, upon petition made as provided in the next succeeding section, to cause local improvements to be made and to defray the expense of such improvements by local assessment, by general taxation, and by borrowing, as herein provided. . . .

" Sec. 6. . . . If the resolution shall provide for a street improvement, it shall direct that any street railway company or other railroad company having tracks on the street or streets or part thereof to be improved shall make such street improvement with such material and of such a character as may be approved by the governing body, in that part of such street or streets or part thereof which the governing body may prescribe, not to exceed, however, the space between the tracks, the rails of the tracks, and eighteen inches in width outside of the tracks of such company, and that unless such improvement shall be made on or before a day specified in such resolution, the governing body will cause such improvement to be made: *Provided, however,* that where any such company shall occupy such street or streets under a franchise or contract which

otherwise provided, such franchise or contract shall not be affected by this act, except in so far as this act may be consistent with the provisions of such franchise or contract. . . ."

By agreement of parties, the cause was tried without a jury and the court found the facts. Those so found and presently relied upon to show the arbitrary and unreasonable character of the assessment follow—

" That the section of Main Street over which the assessment extends is 2.02 miles in length and including double tracks there are 2.65 miles of track on Main Street; that there are 154 abutting property owners upon this portion of Main Street; that the assessment against said company for paving Main Street is $102,942.30 and against said 154 property owners is $89,909.56; that the value of the property of this defendant on Main Street within the area which is directly affected by said paving is $100,000 and the assessed value of said abutting property is approximately $5,083,250 exclusive of the value of property on Main Street not taxed.

" That the cost to the Traction Company of furnishing new rails and new cross ties, of taking up and relaying its track on Main Street and doing other work preparatory to the placing of the pavement upon Main Street was $75,108.85, which has been paid by the Traction Company and which said outlay and expenditure was made at the order of the City of Durham; that during the twelve months ending May 31, 1921, the company's railway showed a loss of $17,388.73 of meeting the operating expense and allowance for depreciation and if the Company is required to pay the paving assessment of the City of Durham as demanded, to wit, one-tenth of said assessment each year with interest, then there will be an additional expense of one-tenth of $102,942.30 plus interest and depreciation on same; that the gross earnings of said company from all sources for the year ending De-

cember 31, 1920, were approximately $540,000, the net earnings $147,000, the company having other valuable property and business not on Main Street, including other railway not on Main Street."

The court below held the recited facts insufficient to show that the municipal authorities acted unreasonably or arbitrarily, and we are unable to say that this was error. Counsel concede that the Constitution of North Carolina reserves to the Legislature power to alter or repeal corporate · charters; also that, in general, the Legislature either directly or through recognized governmental agencies may impose assessments for local improvements and prescribe the basis of apportionment. But the claim is that the Legislature undertook arbitrarily to direct plaintiff in error to pave more than one-third of the street, while the owners of more valuable property fronting thereon are required to pay out much less and are assessed upon the front-foot basis.

*Gast Realty & Investment Co.* v. *Schneider Granite Co.,* 240 U. S. 55; *Hancock* v. *City of Muskogee,* 250 U. S. 454; and *Kansas City Southern Ry. Co.* v. *Road Improvement District,* 256 U. S. 658, are cited in support of this insistence; but they do not go so far. The power of the Legislature to make reasonable classifications and to impose a different burden upon the several classes cannot be denied. There are obvious reasons for imposing peculiar obligations upon a railway in respect of streets occupied by its tracks. The facts and circumstances disclosed by the present record are not sufficient to justify us in overruling the judgment of the state court, which held that the assessment was not the result of arbitrary or wholly unreasonable legislative action. *Sioux City Street Ry. Co.* v. *Sioux City,* 138 U. S. 98, 107, 108; *Fair Haven & Westville R. R. Co.* v. *New Haven,* 203 U. S. 379, 388, 389; *Southern Wisconsin Ry. Co.* v. *Madison,* 240 U. S. 457, 461; *Great Northern Ry. Co.* v. *Clara City,* 246 U. S.

434, 436, 437; *Pacific Gas & Electric Co.* v. *Police Court,* 251 U. S. 22, 25, 26; *Milwaukee Electric Ry. Co.* v. *Milwaukee,* 252 U. S. 100, 104.

*Affirmed.*