**ROAD IMPROVEMENT DIST. NO. 7 OF CRITTENDEN COUNTY, ARK., et al. v. ST. LOUIS–SAN FRANCISCO R. CO. et al.**

Circuit Court of Appeals, Eighth Circuit.
October 17, 1928.

No. 8011.

A. B. Shafer, of Memphis, Tenn., and Charles T. Coleman and W. G. Riddick, both of Little Rock, Ark., for plaintiffs in error.

E. T. Miller and A. P. Stewart, both of St. Louis, Mo., E. L. Westbrooke, of Jonesboro, Ark., Thomas B. Pryor, of Ft. Smith, Ark., and Gordon Frierson, of Jonesboro, Ark., for defendants in error.

Before KENYON, Circuit Judge, and SYMES and MARTINEAU, District Judges.

SYMES, District Judge. The Legislature of Arkansas in 1919 (1 Road Laws Ark. 1919, p. 36) created road improvement districts Nos. 7 and 9 of Crittenden county. The act contained the usual provisions for the organization of the district, the assessment of benefits, and levy and collection of the necessary tax to defray the cost of constructing and improving roads, etc. Section 27 of the act provides that, when any of the highways to be constructed by any of said districts shall be laid out across a railroad right of way, it shall be the duty of the railroad company to construct said crossing of the same materials, and in the same manner as the balance of the highway, and to maintain the same at its own cost. In pursuance thereof the railroad companies —defendants here and below—at the twelve crossings involved, built and paved the highways between their tracks, and for two feet each side thereof, to the satisfaction of the district, and at their own expense. The cost thereof is not involved in this suit. The improvement districts constructed the balance of the highways in question, both within and without the limits of the railroad companies' right of way. In addition they have paid all assessments levied against them as taxpayers by the district. On March 19, 1923, and after the completion of all this work, the Legislature amended said section 27 of the act, by inserting the two following provisions:

"Said crossing shall embrace all that part of the highway lying within the boundaries of the right of way of said railroad or tram road, * * * " and

"In case any of said districts shall have or may hereafter construct or repair any such grade or crossing, it may recover of said railroad or tram road the reasonable cost thereof."

Sp. Laws Ark. 1923, p. 924.

Thereupon the districts respectively brought three suits against the defendant railroad companies in the circuit court of Crittenden county, Arkansas, to recover the reasonable cost of that part of the new or improved highways that lay within the rights of way of the defendant companies, connecting with the twelve crossings heretofore referred to.

The cases were removed to the District Court of the United States for the Eastern District of Arkansas, and, the questions involved being the same, they were, by agreement, consolidated for trial, a jury waived, and submitted to the court on stipulation of facts. The District Court held that the amendments referred to were void on their face as depriving the railroad companies of rights guaranteed by the Fourteenth Amendment of the Federal Constitution. The pleadings in each case were the same, except as to the amounts sued for. It was stipulated that the transcript of record in one case should be considered the record for all in this court.

The cost of such construction thus attempted to be collected from the defendants varies in each instance, depending, of course, upon two varying and arbitrary factors, to wit: The width of the railroad right of way; and, secondly, the angle at which the highway happens to approach and cross the tracks. The longest crossing is 1,146 feet long by 18 feet wide, another 332 feet by 18 feet. Two are at right angles, approximating 100 feet in length by 18 feet in width, and so on.

The railroad companies charge that the act is void for many reasons, but, in view of the conclusion we have arrived at, it is only necessary to discuss one proposition: Are the amendments to section 27 (supra) invalid under the Fourteenth Amendment of the Constitution of the United States? The plaintiffs in error in their brief state that the legislation in question is not based on any theory of benefits to the railroads; that the Legislature by the act in question has imposed a duty on the defendants totally irrespective of benefits, or lack of benefits, and without regard to taxes paid by reason of such benefits; and that such questions may be dismissed without comment.

The districts located the roads so as to cross the railroads at angles varying from very obtuse angles to right angles. The railroads, having no reason to believe they were to be called upon to pay for more than the actual cost of the pavement between the rails, and two feet on either side, saw no necessity for objecting, and it was not until after all this work was completed and accepted by the districts, and presumably paid for, that the Legislature, by the amendment of 1923, undertook to say that a railroad crossing in-

cluded all that part of the highway that lay within the boundaries of the railroad right of way. If permitted so to do, we see no reason why the district could not place any road on the right of way, parallel to a railroad for any distance on either side of a crossing, and impose the total cost thereof on the railroad company. In fact, the crossing at Brigs, Crittenden county, involved in this case, illustrates such a situation. At this point, and for a considerable distance north thereof, the railroad right of way is 150 feet wide, 75 feet on each side of the main line track. Almost immediately south of the crossing the width of the right of way increases to 200 feet, 100 feet on each side of the track. In approaching from the north the concrete pavement in question enters the right of way at a point 622 feet north of the crossing, and parallels the track until it crosses the track at a very acute angle, and then continues on within the right of way, and almost parallel to the track for a distance of approximately 524 feet more. In one of the suits the district demands that the St. Louis & San Francisco Railroad Company pay for all this.

█ It is necessary, in enacting a statute levying assessments on property to promote the public safety, health, or convenience, that some substantial relation exist between the legislation and the objects to be attained. We can see none in the amendments in question, and the illustration given rebuts the presumption that should be indulged that they were enacted in good faith for the promotion of the objects stated.

█ The due process clause, the equal protection clause, and the other provisions of the Fourteenth Amendment, which limit the exercise of the so-called police power of the states, are not susceptible of exact delimitation, and no rule has yet been drafted which will automatically solve the varying state of facts that constantly arise thereunder. It has been held, however, that the equal protection clause means that the rights of all persons must rest upon the same rule under similar circumstances (Kentucky R. R. Tax Cases, 115 U. S. 321, 6 S. Ct. 57, 29 L. Ed. 414; Magoun v. Illinois Trust & Savings Bank, 170 U. S. 283, 18 S. Ct. 594, 42 L. Ed. 1037), and that it applies to the exercise by the state of all powers which can affect property of the individual, including the power of taxation. And, while it does not forbid the state from classifying for purposes of taxation, the classification "must be reasonable, not arbitrary, and must rest upon some ground of difference having a fair and substantial relation to the object of the legis-

lation, so that all persons similarly circumstanced shall be treated alike." Louisville Gas & Elec. Co. v. Coleman, as Auditor (April 30, 1928) 277 U. S. 32, 48 S. Ct. 423, 72 L. Ed. 770; Royster Guano Co. v. Virginia, 253 U. S. 412, 40 S. Ct. 560, 64 L. Ed. 989; Air-Way Electric Appliance Corp. v. Day, 266 U. S. 71, 45 S. Ct. 12, 69 L. Ed. 169; Schlesinger v. Wisconsin. 270 U. S. 230, 46 S. Ct. 260, 70 L. Ed. 557, 43 A. L. R. 1224.

█ Laws enacted in the exercise of police power must be such in fact, and the rights of property cannot be invaded under the guise of police regulations, when it is manifest that such is not the object thereof. While the determination of these questions is in the first instance in the hands of the Legislatures, and the courts cannot supervise their exercise of these powers, or interfere therewith unless clearly unconstitutional, yet the Legislature is not the final judge of the limitations, and its enactments are subject to judicial review, and will be set aside when unwarranted and arbitrary. New York v. Hesterberg, 211 U. S. 31, 29 S. Ct. 10, 53 L. Ed. 75; McLean v. Arkansas, 211 U. S. 539, 29 S. Ct. 206, 53 L. Ed. 315; Yu Cong Eng v. Trinidad, Collector, 271 U. S. 500, 46 S. Ct. 619, 70 L. Ed. 1059; Lawton v. Steele, 152 U. S. 133, 14 S. Ct. 499, 38 L. Ed. 385.

█ There can be no doubt that the state, or subdivisions thereof, if authorized, have plenary powers to compel railroads, both intra and inter state, to construct bridges, viaducts, etc., over their tracks, and take all reasonable precautions proper under the circumstances of each case to protect and facilitate vehicular and pedestrian traffic, irrespective of the cost. Missouri Pac. R. R. Co. v. Omaha, 235 U. S. 121, 35 S. Ct. 82, 59 L. Ed. 157. They may assess railroads for paving, provided it is between and near its tracks (Durham Public Service Co. v. Durham, 261 U. S. 149, 43 S. Ct. 290, 67 L. Ed. 580), but cannot burden railroad property with taxes upon a basis so different from that used in ascertaining the contributions to be made by individual owners as to produce an inequality (Kans. City So. Ry. v. Road Imp. Dist. No. 6, 256 U. S. 658, 41 S. Ct. 604, 65 L. Ed. 1151). For if, as therein stated, quoting Gast Realty Co. v. Schneider Granite Co., 240 U. S. 55, 36 S. Ct. 400, 60 L. Ed. 1239, the tax is "of such a character that there is no reasonable presumption that substantial justice generally will be done, but the probability is that the parties will be taxed disproportionately to each other and to the benefit con-

ferred, the law cannot stand against the complaint of one so taxed in fact."

Likewise, in Holden v. Hardy, 169 U. S. 366 at page 398, 18 S. Ct. 383, 390 (42 L. Ed. 780), the court says: "The question in each case is whether the Legislature has adopted the statute in exercise of a reasonable discretion, or whether its action be a mere excuse for an unjust discrimination, or the oppression, or spoliation of a particular class."

The Omaha Case, supra, is relied upon by plaintiffs in error, but it gives them no comfort. That concerned a crossing pure and simple. The court there states that the means must have a substantial relation to the purpose to be accomplished, and there must be no arbitrary interference with private rights.

We fail to see how the power to compel railroads to construct and maintain proper crossings can by any process of legal reasoning include the right to require them to construct and maintain so much of the public highway as happens to be located upon the right of way of the railroad company. How can such a fortuitous circumstance justify the placing a considerable additional share of the cost on the railroad? Surely plaintiffs in error cannot assess one railroad more than another, simply because the highway happens to approach and cross their respective tracks at different angles. And yet, that is what is attempted here.

In the illustration referred to, taken from the record, and which is typical, "the crossing" as such, ceased to exist within a reasonable distance of either side of the track, and certainly long before the highway left the railroad right of way. The definition of a railroad crossing as that part of the highway lying within the boundaries of the right of way of a railroad—regardless of its length, direction, or the width of the right of way—is absurd in fact, and arbitrary in law. These principles of law are so well settled, and their application to this case so patent, that no further argument is required to show that the decision of the lower court was right.

Affirmed.