GEORGIA RAILWAY & ELECTRIC CO. ET AL. *v.* DECATUR.

No. 625. Argued March 9, 1936.—Decided March 30, 1936.

*Mr. Walter T. Colquitt* for appellants.

622

*Mr. James A. Branch,* with whom *Messrs. William Schley Howard* and *Scott Candler* were on the brief, for appellee.

MR. JUSTICE MCREYNOLDS delivered the opinion of the Court.

April 29, 1935 (295 U. S. 165), we reversed the decree pronounced by the Supreme Court of Georgia in this cause, September 18, 1934 (179 Ga. 471; 176 S. E. 494), and sent it back for further proceedings not inconsistent

with the accompanying opinion. That opinion discloses the circumstances of the litigation and our reasons for reversal.

After notice to the parties, the Supreme Court, with felicitous recognition of obligation to do nothing in conflict with the ruling here, again considered the original record. September 30, 1935, after disclaiming any purpose theretofore to construe the pertinent state statutes as unhappily chosen words had led us to conclude, it announced their meaning and once more affirmed the decree of the trial court. A second appeal gives us jurisdiction.

Appellants insist, first, that the decree presently challenged is not consistent with our opinion and mandate; and, second, that, if the Georgia statutes be construed and applied as finally ruled by her Supreme Court, they will be deprived of equal protection and due process of law, contrary to the Fourteenth Amendment.

As appears from our opinion of April 29, 1935, following long established doctrine, we accepted the construction of the statutes placed upon them by the Supreme Court and decreed accordingly. *Elmendorf* v. *Taylor,* 10 Wheat. 152, 159; *Chicago, M., St. P. & P. R. Co.* v. *Risty,* 276 U. S. 567, 570. So regarded, they empowered the municipality to assess paving costs against the utility only upon the basis of benefits received. And, as appellants had been deprived of opportunity to show the absence of advantage, we held due process of law had been denied.

After the first decree was reversed and set aside, the cause went back for disposition by the Supreme Court. Our mandate restricted its powers in that regard so far as necessary to prevent conflict with rulings here, but not otherwise. Only federal questions were open for our determination. We accepted the construction placed upon the statutes by the Supreme Court and held that so

to apply them would deprive appellants of a federal right. We suggested no interpretation of our own, and did not affirmatively indicate the further action to be taken. *Schneider Granite Co.* v. *Gast Realty Co.*, 245 U. S. 288, 291. The decree now under consideration is not in conflict with anything said or done by us. Appellants' claim to the contrary is not well founded. Without exceeding the limitations prescribed, the Supreme Court reconsidered the cause, put its own construction upon the statutes, and adjudged accordingly.

In the circumstances disclosed by the record, will appellants be deprived of the equal protection or due process of law if the state statutes, as finally interpreted, are applied to them?

Upon this point, counsel submit:—Under the statutes as construed, other parties would be subject to assessment by the municipality for the cost of paving only upon the basis of benefits; appellants would be liable without regard thereto. Street railways are entitled to the same constitutional protection accorded to others. Also, that if the special assessment was product of the police or taxing power, the utility was entitled to a judicial hearing in respect of its unreasonable or arbitrary exercise.

Considering our declarations in *Durham Public Service Co.* v. *Durham,* 261 U. S. 149, 154, that "There are obvious reasons for imposing peculiar obligations upon a railway in respect of streets occupied by its tracks," we cannot say the Supreme Court erred in concluding there was no violation of the equal protection clause. *Fort Smith Light Co.* v. *Paving District,* 274 U. S. 387.

The power of the municipality to require a street railway to pave streets used by it, without regard to benefits, is clear enough. *Durham Public Service Co.* v. *Durham, supra; Southern Wisconsin Ry. Co.* v. *Madison,* 240 U. S. 457, 461. The court below recognized the general right

to demand inquiry concerning arbitrary· exercise of the taxing or police power, when adequately alleged. But it found that appellants had not set up that defense, except as implied in the claim that any assessment not based on benefits was arbitrary and unreasonable. The court, we think, correctly said—.

"There is no question as to the regularity of the assessment under the general law of the State, and the charter of the city as amended, and the ordinances duly enacted thereunder. It has already been determined that the paving was done and that the assessment therefor was made in conformity to the law. Payment therefor is undertaken to be avoided by the power company on the ground that the pavement was of no benefit to the company. It has been held by this court, in construing the law of the State in reference to street paving and cost thereof, that a street railway could not defend against the payment on the ground of no benefit."

Appellants have failed to show deprivation of any federal right through denial of opportunity to rely upon an adequate defense, properly advanced. We need not, therefore, consider the conclusions of the Supreme Court concerning an estoppel.

The questioned decree must be

*Affirmed.*