998

Circuit Court of Appeals, Ninth Circuit.

May 7, 1948.

For former opinion, see 167 F.2d 170.

Charles T. Peterson and Peterson & Duncan, all of Tacoma, Wash., James L. Conley, of Portland, Or., for appellant.

J. Charles Dennis, U. S. Atty., of Seattle, Wash., and Harry Sager, Asst. U. S. Atty., of Tacoma, Wash., for appellees.

Before DENMAN, STEPHENS and BONE, Circuit Judges.

PER CURIAM.

Appellant urges that this court erred (1) as to the facts regarding the premium base, and (2) in failing to hold appellant entitled to interest under the doctrine of res judicata.

Apparently the facts concerning which we allegedly erred are comprised in the testimony of the Government engineer that he had no way of determining exactly the payroll amounts in question. This fact we recognized in our opinion. From this fact appellant concludes that it was established that remuneration of the insured's employees were "not available to the company" (insurer), hence that the policy dictated application of the 50% of contract cost provision. We do not agree. Testimony of the Government's witness at the rehearing that he could not then accurately break down certain of the payroll figures was not the equivalent of nor a substitute for appellant's establishing that the remuneration was "not available" to the insurer within the meaning of the policy. Appellant's argument in attempting to give effect to one provision of the policy, completely ignores the other provision limiting the policy coverage to a certain defined part of the Alaska highway. As we have heretofore observed, appellant's formula for arriving at the premium base is contrary to, whereas the formula used by the trial court is in accord with, the law of this case established on the first appeal.

Appellant's second contention is bottomed upon the indisputable principle that res judicata applies not only to matters presented and decided in a prior action, but also to matters which might properly have been therein presented and decided. The argument in this regard postulates that on the first appeal of this case we affirmed, at least in part, the judgment of the lower court, and merely remanded for the taking of evidence on specified issues. On the first appeal we unconditionally reversed the trial court's judgment and remanded the cause for disposition in accordance with the views which we expressed. Our implied approval of the $90,053.81 amount as part of the premium base did not, as appellant assumes,

work a mutation of an express reversal into an affirmance of the trial court's judgment. The above mentioned rule of res judicata, urged on us by appellant, applies in a situation where a second action is on the same cause of action and between the same parties as a first action; it does not apply where a controversy on appeal has not been concluded and no second action is being brought, but where there has been a reversal and remand for further proceedings in the same litigation. The latter was the situation in the instant case. The principle here applicable is that a judgment of reversal by an appellate court is an adjudication only of matters expressly discussed and decided, which become the law of the case in further proceedings on remand and re-appeal. Mutual Life Ins. Co. v. Hill, 193 U.S. 551, 553, 554, 24 S.Ct. 538, 48 L.Ed. 788; Wolff Packing Co. v. Court of Industrial Relations, 267 U.S. 552, 562, 45 S.Ct. 441, 69 L.Ed. 785; Hartford Life Ins. Co. v. Blincoe, 255 U.S. 129, 135, 136, 41 S.Ct. 276, 65 L.Ed. 549; Georgia Railway & Electric Co. v. Decatur, 297 U.S. 620, 623, 624, 56 S.Ct. 606, 80 L.Ed. 925; New York Life Ins. Co. v. Gamer, 9 Cir., 106 F.2d 375, 376, 377; cf. Angel v. Bullington, 330 U.S. 183, 192, 193, 67 S.Ct. 657, 91 L.Ed. 832.

The petition for rehearing is denied.