45 F.3d 438
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 In re ZODIAC INVESTMENT, INC., Debtor.
ZODIAC INVESTMENT, INC.; Patrick C. Clary; Ronald A.
Kastanek, Appellants,
v.
CALIFORNIA POZZOLAN; Edward Scharf, Appellees.
 No. 94-15297.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 7, 1994.*
Decided Dec. 23, 1994.
 
 Before: GOODWIN, O'SCANNLAIN, KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 This appeal considers whether the Bankruptcy Appellate Panel for the Ninth Circuit ("BAP") correctly interpreted and applied the directives of this Court laid out in a memorandum opinion from a prior appeal in this case. On remand from the first appeal, the bankruptcy court issued orders executing our judgment. The BAP overturned these orders on the grounds that our decision mandated a different result. While the BAP had jurisdiction to entertain the appeal, the BAP misapplied our decision. The BAP decision is therefore reversed.
 
 I. BACKGROUND
 
 3
 This appeal marks the fourth time California Pozzolan, Inc. ("Cal Pumice") has come before this Court to challenge the bankruptcy court's ordered transfer of Cal. Pumice mining claims to Zodiac Investment, Inc. ("Zodiac").[1]
 
 
 4
 In 1988, the bankruptcy court found that a joint venture existed between Cal Pumice and Zodiac regarding the ownership of disputed mining claims and ordered Cal Pumice to make an accounting to the court. In an attempt to evade the jurisdiction of the bankruptcy court, Edward Scharf ("Scharf"), the principal director and stockholder of Cal Pumice, transferred title to himself and then leased the contested land to a third party. In response to Scharf's behavior, in 1989, the court levied sanctions against Cal Pumice and Scharf, requiring them to pay Zodiac's attorney fees and costs. (Zodiac's former counsel, Patrick C. Clary and Ronald A. Kastanek join this appeal to preserve the award of their fees.) In addition, the court ordered Scharf to deed the mining properties to Zodiac as trustee for the joint venture. Shortly thereafter, the court dissolved any joint venture relationship between Zodiac and Cal Pumice, leaving Zodiac the sole and absolute owner of the claims.
 
 
 5
 Cal Pumice appealed to the BAP. The BAP Memorandum decision, BAP No. NV-89-1438-RPV filed October 11, 1990 ("1990 BAP Opinion") reversed the Bankruptcy Court's finding of a joint venture, but did not address any other aspects of the Bankruptcy Court's final order.
 
 
 6
 Cal Pumice moved to have the land deeded back and the bankruptcy court refused. Cal Pumice then petitioned this Court for a Writ of Mandamus to compel transfer of the property back to Cal Pumice. We denied that petition, as well as Cal Pumice's subsequent petition for rehearing. Cal Pumice then brought before this Court an emergency motion for an order to transfer the property and rents, and again was denied relief.
 
 
 7
 Zodiac appealed to this court and we affirmed the holding and reasoning of the 1990 BAP decision in our Memorandum decision in Case no. 90-16647 filed March 31, 1992. After we affirmed the BAP holding, the bankruptcy court fashioned supplemental orders to execute its decision in light of this Court's judgment. The bankruptcy court interpreted our decision as a partial reversal of its order, only overturning the finding of a joint venture. Accordingly, the bankruptcy court confirmed its award of sanctions and transfer of property to Zodiac. Cal Pumice once again appealed to the BAP. In its Memorandum Order filed November 22, 1993 ("1993 BAP Opinion"), the BAP reversed the bankruptcy court's supplemental orders. The BAP held that its original holding that no joint venture existed was intended to reverse all the bankruptcy court orders antecedent to that appeal. The BAP reasoned that the reversal of the finding of joint venture carried with it the reversal of the entire bankruptcy court order because the order was premised on the existence of a joint venture.[2] Zodiac, Clary and Kastanek appeal this 1993 BAP decision to this Court.
 
 II. Jurisdiction
 
 8
 The BAP and this Court may review only final decisions, pursuant to Rule 8001(a) of the Rules of Bankruptcy Procedure and 28 U.S.C. Sec. 1291 respectively. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Catlin v. United States, 324 U.S. 229, 232-33 (1945); In re Allen, 896 F.2d 416, 418-19 (9th Cir.1990). Although orders that merely execute a final judgment may not be appealed to challenge that final judgment, the bankruptcy court orders in the present case are appealable. Because our 1992 decision did not consider the issue of sanctions or the transfer of property, (see discussion below), the bankruptcy court orders relating to those issues cannot be considered mere supplemental orders executing our judgment. The most recent bankruptcy court orders confirming sanctions and refusing to transfer the claims back to Cal Pumice, while not new, are the final word of the bankruptcy court on issues that impact substantive rights of the parties. Id. Thus, the bankruptcy court orders are final, were appealable to the BAP, and the final BAP judgment is properly appealed to this Court.
 
 III. The Law of the Case
 
 9
 Our 1992 decision is the law of the case. As such, it must be followed in all subsequent proceedings, unless evidence on a subsequent trial was substantially different, controlling authority has since made a contrary decision of law applicable to certain issues, or the decision was clearly erroneous and would work a manifest injustice. Lindy Pen Co., Inc. v. Bic Pen Corp., 982 F.2d 1400 (9th Cir.1993); Planned Parenthood of Cent. and Northern Arizona v. State of Ariz., 718 F.2d 938 (9th Cir.1983). Because none of these exceptions are asserted or applicable here, the bankruptcy court, the BAP, as well as this Court on review is bound to follow the directives of our 1992 opinion affirming the BAP's reversal of the bankruptcy court's finding that a joint venture existed.
 
 
 10
 Appellants mistakenly argue that our prior holding is res judicata, barring further action on the sanctions and transfer orders before the BAP. The doctrine of res judicata does not apply here. Res judicata bars a second action on the same cause of action and between the same parties. The law of the case doctrine applies, in cases like the one at hand, where no second action is being brought, but where there has been a reversal and remand for further proceedings in the same litigation. Hartford Life Ins. Co. v. Blincoe, 255 U.S. 129, 136 (1921); Hansen & Rowland v. C.F. Lytle Co., 167 F.2d 998, 998-999 (9th Cir.1948).[3]
 
 
 11
 Unlike res judicata, which not only bars all claims that were decided, but all claims that could have been brought in the prior action, "a judgment of reversal by an appellate court is an adjudication only of matters expressly discussed and decided, which become the law of the case in further proceedings on remand and appeal." Id.; New York Life Ins. Co. v. Gamer, 106 F.2d 375 (9th Cir.1939). Here, the 1990 BAP reversal and our affirmance of it adjudicated, and therefore is conclusive, only on the issue of joint venture.
 
 
 12
 Although a bankruptcy court order awarding sanctions and transfer of the claims was also before the BAP in 1990, the only issue the BAP decided in its 1990 Memorandum Opinion was "[w]hether the bankruptcy court erred in finding that Zodiac and Cal Pumice were engaged in a joint venture." (1990 BAP Opinion at 7). The 1990 BAP Opinion limits its discussion and ruling to the joint venture issue. Our 1992 opinion affirming the BAP reversal did not broaden the scope of the adjudication. Rather, "we adopt[ed] the BAP's reasoning and results." (1992 Ninth Circuit Opinion at 4).
 
 
 13
 Moreover, we specifically held that the "BAP's memorandum opinion and judgment do not address any of the bankruptcy court's orders requiring the parties to convey title to mining claims." Id. at 2; Cf. DePinto v. Landoe, 411 F.2d 297 (9th Cir.1969) (where Court of Appeals expressly reserves an issue in its ruling, its judgment does not establish that issue as law of the case or give it res judicata finality). The law of the case, our 1992 decision, precludes the bankruptcy court, the BAP and even this Court, barring exceptional circumstances, from reading the adjudication of the prior appeal as anything more than a reversal of the finding of a joint venture.
 
 IV. The Impact of Our Holding
 
 14
 The question then remains concerning what our 1992 decision required the bankruptcy courts to do. The BAP misapplied our holding in the BAP's most recent decision concluding that reversal of a finding of joint venture necessitates reversal of the orders awarding sanctions and transfer of the mining claims to Zodiac. The BAP's conclusion exceeded the directives of our judgment.
 
 
 15
 The bankruptcy court's order of sanctions stands completely independent of the existence of a joint venture. The bankruptcy court imposed sanctions against Scharf and Cal Pumice because they were found in contempt of court. Even if the underlying orders which Cal Pumice and Scharf disobeyed and evaded were later reversed, completely vindicating their legal position, which they were not, later vindication would not change the fact that they violated court orders which they were obliged to honor. Resolution on the merits of a case does not expunge sanctionable violations. Pan-Pacific Low Ball Television, Co. v. Pacific Union, 987 F.2d 594, 596 (9th Cir.1993). If Scharf and Cal Pumice desired absolution, they should have timely challenged the finding of contempt. Later reversal by BAP of the orders they disobeyed and evaded could not retroactively purify their unclean hands, even if the BAP had been correct in reversing those orders.
 
 
 16
 There is some logic to the BAP's conclusion that the transfer of the mining claims was predicated on the finding of a joint venture and therefore should be reversed along with the finding of a joint venture. However, this Court could not have made its finding more plain: "The BAP's memorandum opinion and judgment do not address any of the bankruptcy court's orders requiring the parties to convey title to mining claims." (1992 Ninth Circuit Opinion at 2). The BAP is wholly without authority to "correct" what it apparently perceived as our misunderstanding of its prior decisions.
 
 
 17
 We said that "the bankruptcy court fashioned a joint venture between Zodiac and Cal Pumice as an equitable remedy." Id. The bankruptcy court has made clear in prior and subsequent orders that equitable concerns motivated the original transfer of the claims, as well as that court's persistent refusal to transfer the claims back to Scharf or Cal Pumice. Even though implying a joint venture was an inappropriate remedy, it does not mean that the underlying equities have been changed or that transfer based on other equitable grounds is necessarily inappropriate. The bankruptcy court orders were fully supported by the facts and the law.
 
 V. Conclusion
 
 18
 The BAP judgment is reversed and the orders of the bankruptcy court reinstated.
 
 KLEINFELD, Circuit Judge, dissenting:
 
 19
 I respectfully dissent.
 
 
 20
 The record does not establish that Scharf engaged in a fraudulent transaction. We said so in dictum in our previous affirmance of the BAP decision, but that does not establish a fact. The bankruptcy judge so found, but his decision was reversed. For all we know, Scharf bought the mining claims from Zodiac in exchange for forgiveness of a debt, then had to buy them again from Osuna because Zodiac did not own them, and then was ordered by the Bankruptcy Court to give back to Zodiac what he had had to buy from Osuna after Zodiac had sold him what it did not own. We do not know. We cannot find facts on appeal.
 
 
 21
 Our holding did nothing more than affirm the previous decision of the Bankruptcy Appeals Panel. We expressly adopted its reasoning and result.
 
 
 22
 The Bankruptcy Appeals Panel decided, and we affirmed, that Scharf and Zodiac did not engage in a joint venture. The only issue on appeal before the Bankruptcy Appeals Panel was "[w]hether the bankruptcy court erred in finding that Zodiac and Cal Pumice were engaged in a joint venture." The erroneous joint venture determination was the only basis for the Bankruptcy Court order requiring Scharf to convey his property to Zodiac and provide an accounting.
 
 
 23
 The Bankruptcy Appeals Panel, after our affirmance, ruled that the orders for sanctions and an accounting fell along with the joint venture decision. That ruling was a permissible one, Thomassen v. United States, 835 F.2d 727, 732 (9th Cir.1987), and did not violate our mandate. Our mandate did not do anything but affirm, nor did any holding in our decision.
 
 
 24
 I would affirm the Bankruptcy Appeals Panel decision in its entirety.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Since the early dawn of this case, California Pozzolan, Inc. has changed its name to Cal-Pumice, Inc
 
 
 [2]
 Specifically, the bankruptcy court entered the following orders on remand which the BAP reversed: 1) on June 10, 1992, the court determined that the BAP and the Ninth Circuit memoranda were partial reversals, reversing only the joint venture conclusion; 2) on July 8, 1992, the court ordered payment of sanctions and attorney's fees to attorneys Clary and Kastanek in accordance with previous orders; 3) on July 31, 1992, the court ordered payment of accounting fees, costs and sanctions based upon the bankruptcy court order of May 2, 1989; and 4) on October 30, 1992, the court denied Scharf's motion for vacating the judgments for payment of attorneys' fees and sanctions, for restitution of the disputed mining claims, and for accounting of funds received by Zodiac from operation of the claims
 
 
 [3]
 It should be noted that this Court's ruling on Scharf's and Cal Pumice's petition for writ of mandamus, motion for reconsideration of our order denying mandamus, and emergency motion to transfer the mining claims do not preclude this Court from later determining that the sanctions and/or the transfer of claims was improper, particularly considering that the emergency motion was denied on procedural grounds. See, Kirkbride v. Continental Cas. Co., 933 F.2d 729, 732 (9th Cir.1991)