FOR PUBLICATION

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

In re: CARLA FREEMAN,

---

CARLA FREEMAN,
                              *Petitioner,*

        v.

UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF
OREGON,
                              *Respondent,*

ALBERTO R. GONZALES, Attorney
General; MICHAEL CHERTOFF;
WILLIAM MCNAMEE; JOE
MEISENHEIMER,
            *Real Parties in Interest.*

No. 06-75539

D.C. No.
CV-04-00666-OMP
District of Oregon,
Portland

ORDER

Petition For Writ Of Mandamus

Filed May 29, 2007

Before: Raymond C. Fisher, Ronald M. Gould and
Carlos T. Bea, Circuit Judges.

---

## ORDER

In *Freeman v. Gonzales*, 444 F.3d 1031 (9th Cir. 2006), we decided that the Department of Homeland Security (DHS) erred in two respects in refusing to adjudicate Carla Freeman's application for adjustment of status. First, we decided that DHS was incorrect that entry into the United States through the Visa Waiver Program (VWP) precluded Freeman

from availing herself of the procedural protections afforded to other applicants for adjustment of status. Second, we held that an alien whose citizen spouse dies before DHS adjudicates a properly filed immediate relative petition and application for adjustment of status remains an immediate relative as defined by 8 U.S.C. § 1151(b)(2)(A)(i) and is thus statutorily eligible for adjustment of status. We remanded to DHS for further proceedings.

On remand, DHS adjudicated and denied Carla Freeman's adjustment of status application in a decision dated October 16, 2006. Freeman filed a petition for a writ of mandamus in our court, arguing that DHS's articulated reasons for its denial of her adjustment of status application were already litigated in this case and are therefore res judicata and governed by the law of the case. Freeman also argues that DHS's determination that Freeman had misrepresented facts by entering under the VWP lacks a factual basis and conflicts with Board of Immigration Appeals (BIA) precedent. Finally, Freeman argues that in determining that her November 2004 departure from the United States rendered her ineligible for adjustment of status, DHS misinterprets the requirement that an alien be "inspected and admitted" in order to be eligible for adjustment of status.

## I.   Jurisdiction

We have jurisdiction over Freeman's petition for a writ of mandamus because Freeman does not simply disagree with DHS's exercise of its discretion; rather, she alleges that its use of that discretion conflicts with this court's interpretation of a statute. *See* 28 U.S.C. § 1651(a). As we explained in *Barron v. Reich*, 13 F.3d 1370 (9th Cir. 1994):

> While mandamus may not be used to impinge upon an official's legitimate use of discretion, even in an area generally left to agency discretion, there may well exist statutory or regulatory standards delimit-

ing the scope or manner in which such discretion can be exercised. In these situations, mandamus will lie when the standards have been ignored or violated.

*Id.* at 1376 (internal quotation marks omitted).

## II.   *Law of the Case*[1]

We agree with the government that DHS's denial of Freeman's adjustment of status application does not conflict on its face with our decision in *Freeman* and is premature for appellate review. Our decision required DHS to afford Freeman the procedural protections and opportunities afforded to those adjustment of status applicants who did not enter the United States through the VWP, and to those whose spouses had not died before DHS acted on properly filed applications for adjustment of status. We did not, however, require DHS to exercise its discretion in a particular manner.

Nor did we address any issues related to DHS's need to adjudicate Freeman's adjustment of status application before Freeman returned to this country. Freeman would have had to be in the country for her adjustment of status to be adjudicated had DHS not wrongfully terminated it, and she is still free to return to the country to seek a hearing before an immigration judge (IJ) regarding her adjustment of status application now. Even though DHS has already indicated its position that Freeman's return cannot cure her statutory ineligibility due to her particular use of the VWP or her inability to war-

---

[1]Freeman also argues that DHS has violated res judicata principles, but that doctrine does not apply here. *See Hansen & Rowland, Inc. v. C.F. Lytle Co.*, 167 F.2d 998, 998-99 (9th Cir. 1948) (per curiam) ("The above mentioned rule of res judicata, urged on us by appellant, applies in a situation where a second action is on the same cause of action and between the same parties as a first action; it does not apply where a controversy on appeal had not been concluded and no second action is being brought, but where there has been a reversal and remand for further proceedings in the same litigation.").

rant a favorable exercise of discretion due to her husband's death, the government informs us that on October 17, 2006, DHS provided a grant of advance parole that authorizes Freeman to return to the United States in order to seek a hearing before an IJ regarding the denial of her application for adjustment of status. Should Freeman return and seek this hearing, the IJ can grant or deny her adjustment of status application as a matter of the IJ's own discretion. *See Bazua-Cota v. Gonzales*, 466 F.3d 747, 748 (9th Cir. 2006) (discussing IJ's adjudication of an adjustment of status application "as a matter of discretion").

Finally, DHS's denial of Freeman's application does not conflict with our decision that an adjustment of status applicant who enters the United States through the VWP is not bound by the VWP's no-contest provision. Had DHS reasoned that *any* such applicant necessarily engages in a misrepresentation that makes the alien statutorily inadmissible under 8 U.S.C. § 1182(a)(6)(C), there might be a conflict. *See Freeman*, 444 F.3d at 1035 (concluding that Congress did not intend all VWP entrants to "have second-class status once they enter[ed] into the adjustment of status process"). However, because DHS's reasoning hinged on the circumstances of Freeman's particular use of the VWP — not the mere fact of her use of that program — we see no such conflict here.

### III.   Merits

Freeman's further arguments that DHS's denial of her application on remand lacked a factual basis, conflicted with BIA precedent and misinterpreted the admission and inspection requirement were not before us on her first appeal and therefore cannot form the basis of any asserted violation of the law of the case. Freeman may, of course, make such arguments to this court in a new petition for review if she returns to the United States, has her application for adjustment of status denied by an IJ, becomes subject to a final order of

removal that would trigger our jurisdiction under 8 U.S.C. § 1252 and properly files such a petition for review.

Accordingly, Freeman's petition for a writ of mandamus is **DENIED**.

PRINTED FOR
ADMINISTRATIVE OFFICE—U.S. COURTS
BY THOMSON/WEST—SAN FRANCISCO

The summary, which does not constitute a part of the opinion of the court, is copyrighted
© 2007 Thomson/West.