**Magno J. ORTEGA, Plaintiff–Appellant,**

v.

**Dennis M. O'CONNOR, Director Napa State Hospital; Dorothy Owen, and Richard Friday, Defendants–Appellees.**

No. 93–15813.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 17, 1994.

Decided March 24, 1995.

---

was Dr. Ortega's failure to comply with a pretrial order. On the basis of the evidence presented, the court granted Dr. O'Connor's motion for a directed verdict from which Dr. Ortega appeals.

Gilbert T. Graham, San Francisco, CA, for plaintiff-appellant.

Paul T. Hammerness, Deputy Atty. Gen., San Francisco, CA, for defendants-appellees.

Before: LAY,* PREGERSON, and O'SCANNLAIN, Circuit Judges.

O'SCANNLAIN, Circuit Judge:

We must decide whether the district court properly barred testimony of witnesses as a sanction for failure to serve a witness list on opposing counsel.

I

In July 1982, Dr. Ortega filed suit in the district court against Dr. Dennis O'Connor, Executive Director of the Napa State Hospital, and various other Hospital employees (collectively "Dr. O'Connor"), alleging that the search of his office by such employees violated the Fourth Amendment. The district court ruled against Ortega on summary judgment. *Ortega v. O'Connor,* No. C82–4045 (N.D.Cal. May 30, 1984) (*"Ortega I"*). This court reversed the district court. *Ortega v. O'Connor,* 764 F.2d 703 (9th Cir.1985) (*"Ortega II"*). The Supreme Court then granted certiorari and, in a plurality opinion, reversed this court and remanded the case to "determine the justification for the search and seizure, and evaluate the reasonableness of both the inception of the search and its scope." *O'Connor v. Ortega,* 480 U.S. 709, 729, 107 S.Ct. 1492, 1503, 94 L.Ed.2d 714 (1987) (*"Ortega III"*). We in turn remanded for trial in an unpublished order.

At trial, the court excluded Dr. Ortega's witnesses as a sanction for what it perceived

II

The pretrial order, issued pursuant to Rule 235–7 of the Local Rules of Practice for the United States District Court for the Northern District of California, directed the parties to file pretrial witness lists. Although Dr. Ortega did file his pretrial witness list with the district court, the court found "nothing indicating [that the witness list] was served on opposing counsel" in the court file. At trial, opposing counsel claimed that he had never received Dr. Ortega's witness list. Reasoning that Dr. Ortega, by failing to serve his witness list on opposing counsel, had not complied with the pretrial order, the court sanctioned Dr. Ortega by excluding the listed witnesses.

 There is no dispute that, in a proper case, a trial court may exclude a party's witnesses as a sanction for failure to comply with a pretrial order. *See* Fed.R.Civ.P. 16(f); *Ackley v. Western Conf. of Teamsters,* 958 F.2d 1463, 1471 (9th Cir.1992); *United States v. Valencia,* 656 F.2d 412, 415 (9th Cir.) ("The appropriate sanction for a failure to comply with a discovery rule should rest in the district judge's sound discretion."), *cert. denied,* 454 U.S. 877, 102 S.Ct. 356, 70 L.Ed.2d 186 (1981). Here, however, no lack of compliance has been demonstrated. The district court record contains a copy of a declaration of service by mail of Dr. Ortega's list of witnesses on Mr. Hammerness, counsel for Dr. O'Connor. This declaration is affixed to a letter regarding subpoenas, signed by Dr. Ortega and addressed to Mr. Hammerness; that letter, which at one point refers to the "enclosed copy of witness list," bears a district court stamp "received, Nov. 9, 1992." Further, the letter to which the declaration is affixed was entered in the district court docket. The court appears to

* The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sit-

ting by designation.

have overlooked this evidence of Dr. Ortega's compliance.

■ Dr. Ortega's compliance is not negated by the fact that opposing counsel failed to receive the list. In directing service, Local Rule 229–2 provides that "[a]ll discovery materials shall be served pursuant to Rule 5 of the Federal Rules of Civil Procedure." Rule 5(b), "Service: How Made," states that "[s]ervice upon the attorney ... shall be made by delivering a copy to the attorney ... or by *mailing it to the attorney....*" (emphasis added). Dr. Ortega's declaration of service by mail is sufficient; thus, Dr. Ortega complied with the requirements of Local Rule 235–7.[1] Under the circumstances, it was error to sanction Dr. Ortega for failure to comply.

■ Judicial error alone is insufficient to mandate reversal, however; "[t]o reverse, we must say that more probably than not, the error tainted the verdict." [2] *Kisor v. Johns–Manville Corp.*, 783 F.2d 1337, 1340 (9th Cir.1986). Here, over twenty witnesses were prohibited from testifying; Dr. Ortega was limited to calling defendants, who had been included in the witness list of opposing counsel, to make his case. Ultimately, in presenting his case-in-chief, Dr. Ortega could do little more than rely on cross-examination. We do not doubt that this prejudiced Dr. Ortega; we reverse and remand for a new trial.[3]

### III

Although we agree that remand is necessary, we reject Dr. Ortega's claim that the district court erred in refusing to reinstate Asher Rubin as a defendant in the instant case. Rubin was included as a defendant *Ortega I* in Dr. Ortega's original lawsuit; the district court in that suit dismissed Rubin on the grounds of prosecutorial immunity. Dr. Ortega now argues that this court's reversal of *Ortega I* extends to all issues decided by the district court; consequently, Dr. Ortega concludes, the order in *Ortega I* dismissing Rubin as a defendant has been reversed, and Rubin must be included in the instant action.

"[A] judgment of reversal by an appellate court is an adjudication only of matters expressly discussed and decided." *Hansen & Rowland v. C.F. Lytle Co.*, 167 F.2d 998, 998–99 (9th Cir.1948). Thus, our reversal of *Ortega I* extends only to the Fourth Amendment issues expressly addressed; as there was no mention of Rubin by this court or any other, the district court's dismissal of Rubin in *Ortega I* stands.

Dr. Ortega may not now challenge the district court's dismissal of Rubin. Dr. Ortega appealed *Ortega I* to this court and then to the Supreme Court. If Dr. Ortega wished to challenge the district court's dismissal of Rubin, he should have done so at the time of his original appeal. *See, e.g., Walnut Properties, Inc. v. Whittier*, 861 F.2d 1102, 1106 (9th Cir.1988) (party's failure to challenge district court's resolution on issue of abstention in prior two appeals precluded party's request for abstention on third appeal), *cert. denied*, 490 U.S. 1006, 109 S.Ct. 1641, 104 L.Ed.2d 157 (1989). The district court's dismissal of Mr. Rubin is affirmed.

1. Dr. Ortega's compliance with Rule 235–7 was not exact, however. Dr. Ortega did not file his list of witnesses until November 4, 1992, although he had been directed to do so 30 days prior to trial, i.e., by October 30, 1992. Since defense counsel also served its list of witnesses after the designated date, the delay would not constitute grounds for exclusion.

2. The Ninth Circuit has formulated two different tests for prejudice in civil cases. As noted, in *Kisor*, this court stated that a reviewing court should find prejudice only if it concludes that, more probably than not, the lower court's error tainted the verdict. In contrast, under the rule articulated by this court in *Haddad v. Lockheed California Corp.*, 720 F.2d 1454, 1459 (9th Cir. 1983), the reviewing court must find prejudice unless it concludes that, more probably than not, the result in the lower court was untainted by error. Thus, in a close case, where the reviewing court is uncertain of the effect of an evidentiary error on the jury's verdict, these two standards create contradictory presumptions. Here, however, we are persuaded that the exclusion of all of Dr. Ortega's witnesses would constitute prejudice under either test.

3. In addition to his evidentiary challenge, Dr. Ortega raises a subsidiary claim of judicial bias. "To demonstrate that the trial judge was biased, [a party] must show that the judge's conduct reflected a disposition, based on extrajudicial sources, to treat him unfairly." *Hansen v. Commissioner*, 820 F.2d 1464, 1467 (9th Cir.1987). Dr. Ortega presents no such evidence.

AFFIRMED in part, REVERSED in part, and REMANDED. Each party to bear its own costs.