129 F.3d 126
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Norman KEELING, Plaintiff/Appellant,
v.
WESTERN AUTO SUPPLY COMPANY INC., Subsidiary of Sears
Roebuck and Company Inc., Defendant/Appellee.
 No. 96-16618
 United States Court of Appeals, Ninth Circuit.
 Oct. 29, 1997.
Argued and Submitted September 17, 1997 San Francisco, California
 
 1
 Appeal from the United States District Court for the Eastern District of California Garland E. Burrell, District Judge, Presiding
 
 
 2
 Before KOZINSKI, MAYER** and FERNANDEZ, Circuit Judges
 
 
 3
 MEMORANDUM*
 
 
 4
 Norman Keeling appeals from the judgment of the United States District Court for the Eastern District of California, entering the jury's verdict that there was no defect in the design of a Wizard Snow Thrower, manufactured and sold by Western Auto Supply Co., Inc. ("Western Auto"). Because the trial court did not abuse its discretion on the disputed evidentiary issues, we affirm.
 
 
 5
 We review the evidentiary rulings of a trial court for abuse of discretion. United States v. Manning, 56 F.3d 1188, 1196 (9th Cir.1995). However, we do not disturb the judgment of the trial court unless we find it more probable than not that errors in these evidentiary rulings tainted the jury's verdict. Ortega v. O'Conner, 50 F.3d 778, 780 (9th Cir.1995). Keeling argues that the trial court abused its discretion by permitting the jury to hear testimony about customs and usages in the snow blower industry, evidence of maintenance of Keeling's snow blower, testimony allegedly excluded by motions in limine--concerning subsequent remedial measures, deadman controls, and a Consumer Reports article--and by permitting the jury to hear the testimony of a non-licensed engineer as an expert.
 
 
 6
 A review of the trial record shows that several of Keeling's arguments--those regarding admission of evidence as to customs and usages, subsequent remedial measures and the Consumer Reports article, despite motions in limine--are unfounded. Western Auto was entitled to cross-examine Frechtel as to the basis of his expert testimony regarding customs and usages in the industry under Federal Rule of Evidence 705, whether or not the evidence was otherwise inadmissible as a result of a motion in limine. Keeling never objected to the opinion testimony regarding customs and usages in the industry of Western Auto's expert, Gerald Hill; thus, even were it not cumulative of already admitted testimony, the issue of its admissibility would not properly be before us. Western Auto was also permitted to cross-examine Frechtel about both remedies subsequently adopted by the industry as well as the Consumer Reports article because the trial court denied Western Auto's motions in limine as untimely. Moreover, in light of a curative instruction, we cannot see how any of these admissions tainted the jury's verdict.
 
 
 7
 Keeling argued that testimony of improper maintenance should have been excluded. Because it is directly relevant to Western Auto's defense, if not central to the case, Western Auto must be allowed to examine whether the accident was caused by Keeling's own improper maintenance. Even Keeling's expert testified that he considered such maintenance as tightening hardware to be Keeling's duty, and not the responsibility of Western Auto. For this reason, it was not an abuse of the trial court's discretion to prohibit admission of such testimony.
 
 
 8
 Finally, the trial court did not abuse its discretion in admitting the testimony of Western Auto's witness, Hill. Federal Rule of Evidence 702 and California Evidence Code Section 720(d) both recognize that knowledge, skill, training, or education can qualify a witness as an expert. There is no requirement, nor even a persuasive argument made, that a trial court must prevent a witness from testifying as an expert because that person has not been accredited by a particular licensing group or agency.
 
 
 9
 AFFIRMED.
 
 
 
 **
 The Honorable H. Robert Mayer, United States Court of Appeals for the Federal Circuit, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3